### COCKRILL et al. vs. JOHNSON, Adm'r, et al.

CONTRACTS: *Novation or substitution of.*

Where parties intend the substitution of a new debt or obligation for an old one, their intention to that effect should be positively declared, or in whatever manner expressd, be made so evident as not to admit of a doubt.

FORECLOSURE : *Where mortgagor a bankrupt.*

On objection to a decree of foreclosure, that the mortgagor was a bankrupt, and the decree did not discharge him from all personal liability: *Held,* that as the decree was against the property only, and did not fix any liability upon the defendant, it was sufficient.

APPEAL from *Jefferson* Circuit Court.

Hon. HENRY B. MORSE, Circuit Judge.

*A. H. Garland,* for appellants.

*D. W. Carroll,* for appellees.

SEARLE, J.   From the record before us, in this case, the following facts appear : Cockrill, who appears as one of the appellants in this case, purchased certain real property in Jefferson county in 1856, from one Robert Ryan, taking therefor a deed with warranty, and · gave in payment thereof his four promissory notes of one thousand eight hundred and seventy-five dollars each ; also a mortgage upon the property to secure the payment of the notes.   Three of the notes, first due, were paid.   The last one, due on the first day of April, 1860, remained wholly unpaid until the twenty-ninth day of December, 1860, when Cockrill paid two hundred dollars upon it to Mrs. Ryan as executrix of the will of Robert Ryan deceased (he having departed this life shortly after the sale of the property), and at the same time agreed to pay her ten per ·cent. interest upon the balance due, instead of eight per cent., which was the interest stipulated in the note, and this agreement was reduced to writing on the part of Cockrill.   In 1866, Mrs. Ryan, as executrix, etc., instituted suit upon the note by attachment against Cockrill, in the state of Tennessee, and obtained judgment against him, in pursuance of which his property was sold and the note paid, with the exception of sixteen hundred and ninety-three dollars.

The appellee, as administator *de bonis non* seeks, by this suit, to foreclose the mortgage and subject the property to the complete satisfaction of the notes.   Before this suit was instituted, Cockrill went into bankruptcy, and this debt was included in his schedule of liabilities.   Also, before Cockerill became a bankrupt, he transferred the property, in question, to Mrs. McGehee, who, with her husband, are the other appellants in this cause.

*First.* It is contended by appellants' counsel, that Cockrill's contract with Mrs. Ryan, as executrix, etc., on the twenty-ninth day of December, 1860, was a "merger and a novation of the old obligation," as evidenced by the note; and, therefore, that the property was relieved from the incumbrance of the mortgage. This agreement, as reduced to writing on the part of Cockrill, is in words and figures as follows:

" I owe the estate of Robert Ryan, deceased, a note for eighteen hundred and seventy-five dollars, due first of April last, with eight per cent. interest from the first of January. I have given a draft for two hundred dollars on Bradley, Wilson & Co., for the interest, and to be credited on the note as a payment of interest and part of the principal. I promise to pay ten per cent. interest on the balance, or amount due on the first of January, 1861, until paid. December, 29, 1860.

"S. R. COCKRILL."

This agreement is averred in the complaint and not denied in the answer. The only evidence in relation to this matter, outside the pleadings, is by Cockrill, who testified as follows: " Mrs. Ryan came to me in December, 1860, and said that she was the executrix of the will of Robert Ryan, deceased, and that she was directed by the will to loan the money of the estate at ten per cent. interest, and that she had selected me to loan it to, because I was solvent; but she wanted two hundred dollars for her expenses, which I paid her. I considered this an agreement to borrow the money, and the original transaction closed so far as the lien on the land was concerned."

In the substitution of a new debt or obligation for an old one, which is denominated in the civil law a novation, the intention of the parties to that effect should be positively declared; or at least in whatever manner expressed, it should be

so evident as not to admit of a doubt: in other words, a nova-, tion is not to be presumed unless the intention to that effect *evidently* appears. Story on Bills, sec 441 ; Burge on Surety-ship, 166 ; *Chandler v. Herrick*, 19 Johns., 132.

From the testimony of Cockrill upon the question under consideration, it appears that he "considered this an agreement to borrow the money and the original transaction closed so far as the lien upon the land was concerned." It does not appear from the evidence of this witness or any other in the case that such was the understanding of Mrs. Ryan. But however this may be, the testimony of Cockrill on this point is clearly contradicted by the exhibits to the complaint, namely : the note for $1,875, and the written statement of Cockrill, wherein he says that " he owes the estate of Robert Ryan, deceased, a note for eighteen hundred and seventy-five dollars, due first of April last, with eight per cent. interest from the first of January," etc. This statement is conclusive against the defense that the note was paid and that the money was borrowed by Cockrill. The property, consequently, was not relieved from the incumbrance of the mortgage.

*Second.* Cockrill alleges, in his answer, that the amount of land actually sold was less, by twenty-five or thirty acres, than that described and warranted in the deed of conveyance, and he prays for an abatement of the amount due thereupon to the extent of the deficiency of the land at the time he purchased. In support of this allegation, Cockrill testified as follows : " At the time he purchased the land there was a written statement and agreement between him and Ryan to the effect that Ryan did not know what the true quantity of the land was ; that it was then estimated at three hundred acres, but the true quantity was to be ascertained by a survey before the notes were paid. This written statement and agreement was lost during the war ; there was never a survey of the land, and its

true quantity was never ascertained by measurement. He was satisfied the estimated quantity of land was not there. His opinion was that it had caved in by the washing of the river (it lay immediately upon the Arkansas river) to the extent of twenty-five or thirty acres."

Derrewsseaux testified as follows: "He knew the tract of land in suit since 1825. It was a caving bank before Ryan got it. Did not know how many acres were in it in 1856 when Cockrill bought it."

Cantrell testified: "He knew the place from 1854 to 1856, and during that time it was a caving bank. Cockrill, in his opinion, did not get over two hundred and forty acres in his purchase."

As to the right of Cockrill, had he not been a bankrupt, to an abatement in the purchase money to the extent of its deficiency at the time of the purchase, we can have no doubt; but in such cases, to warrant an abatement, the evidence should be positive and explicit as to the deficit. In this case the evidence was not positive and explicit as to the extent of the deficit, or even as to whether or not there was any deficit. The amount of land had not been ascertained by measurement according to the agreement. The witnesses were "of opinion," etc., and their opinions were based upon casual observations. This certainly was too indefinite, uncertain and unsatisfactory as the basis of a recoupment in favor of Cockrill, were he even not a bankrupt.

McGehees, the other appellants in this case, in their separate answer, adopted the answer of Cockrill, and in so doing make the above allegation and prayer their own. But if the abatement could not be made in favor of Cockrill, it is very clear that appellants, McGehees, would not be entitled to it. The circuit court, therefore, did not err in refusing to make the abatement prayed for.

*Third.* One other error, it is claimed by appellants' counsel, was committed by the court below.

When this suit was brought, Cockrill had been adjudged a bankrupt. The appellee, consequently, did not ask for a decree against him personally, but against the mortgaged property only. It is contended that the decree is erroneous because it does not discharge Cockrill from all personal liability in the premises. We have carefully examined the decree, and find that it does not expressly discharge Cockrill from liability personally; it merely forecloses the equity of redemption, etc. This, we think, was sufficient, as there is nothing in the decree making him liable in any manner

Finding no errors, the decree must be affirmed.