## BREWER & SON v. WINSTON, AD.

1. TRANSFER OF CAUSES: *Actions originating before J. P.*
   The provisions for the transfer of causes have no application to actions originating before justices of the peace.

2. SAME: *When not objected to.*
   Error in transferring a cause is waived if the transfer is not objected to.

3.  NOVATION:  *When original debtor released.*
A debtor will not be released by the agreement of his creditor to accept another for his debtor unless he specially agrees to release him.

APPEAL from *Stone* Circuit Court.
Hon. W. A. BEVENS, Special Judge.

*J. M. Moore*, for appellants.

*First*—The decree is void for want of jurisdiction. There was no element of equitable jurisdiction in the defense and cross-complaint. Jurisdiction in equity cannot be conferred by the transfer of causes purely legal and containing no grounds of equitable cognizance. *Crawford, Aud., v. Carson et al. 35 Ark., 583; Apperson & Co. v. Moore et al., 30 Ark., 58; Roberts et al. v. Jacks, 31 Ark., 608.*

*Second*—The code of practice does not apply to causes of action originating in justice's courts.

The provisions for the transfer of causes from law to equity, or *vice versa* does not apply to that class of cases. *Whitesides v. Kershon & Driggs, 44 Ark., 377.*

*Third*—The finding of the court was clearly against the weight of the evidence. The burden of proof was on the defendant to show an agreement on the part of plaintiff, based on a sufficient consideration, to release him. The testimony of Stevenson, Doncaster, F. R. Winston, was mere hearsay, and inadmissible as against plaintiff. Mc-Raven's testimony proves nothing. Contracts cannot be established by inferences and the strict construction of casual conversations in relation to the transaction after its completion.

*U. M. & G. B. Rose*, for appellee.

The preponderance of evidence is clearly on the side of the defendant. The finding of the chancellor was clearly

sustained by the weight of the evidence, and the rule is, that unless there is a clear preponderance of testimony against the finding, it will be upheld. *Branch v. Mitchell, 24 Ark., 432; Gist v. Barrow, 42 ib., 521; Gaty v. Holcomb, 44 ib., 216.*

The cause was properly transferred to the equity docket. The defendant prayed in his cross-bill for an accounting for the rents ; and there being, according to the plaintiff's view of the case, mutual accounts between the parties, it was a matter of equitable cognizance.

If there had been nothing of equitable jurisdiction, it would not have been fatal to the judgment, but only an error to be corrected by motion in the lower court. Here the plaintiff made no objection to the removal of the cause to the equity docket, and saved no exceptions, as required by *sec. 4927, of Mansfield's Digest.* The error, if any, is therefore waived. Such objections must be made in apt time in the lower court, and cannot be raised for the first time on appeal.

SMITH, J. Brewer & Son brought this action against Winston before a justice of the peace, on a promissory note and recovered judgment. The defendant appealed to the circuit court and there filed an answer, which he styles also a cross-complaint, alleging that the note is secured by mortgage on real estate ; that he had sold his equity of redemption in the mortgaged premises to one Elliott, who had assumed the debt as part of the purchase price; and that the plaintiffs had consented to accept Elliott as their debtor and to release the defendant from further liability. And it was prayed that the plaintiffs be required to look to the substituted debtor and the mortgage security for payment of their debts; and that the defendant's note be surrendered for cancellation. The cause

was tranferred to equity and the court decreed for the defendant.

**1. Transfer of cause originating before J.P.**

The answer and so-called cross-complaint introduced no new parties to the litigation, raised no issue that is exclusively cognizable in courts of chancery, and contained no element of equitable jurisdiction. Moreover, the provisions for the transfer of causes have no application to actions originating before justices of the peace. *Whitesides v. Kershon, 44 Ark., 377.*

**2. Not objected to, waived.**

But as the court below did not attempt to administer any equitable relief the only effect of the transfer was to deprive the plaintiffs of a jury trial, in case they had desired a jury. And since no objections were made to the removal, nor any exceptions saved to the decision of the court in that matter, the error was waived. *Mansf. Dig., sec. 4927.*

**3. NOVATION: Release of debtor.**

But the judgment was wrong upon the merits. The burden was upon the defendant to prove that he had been discharged by a novation of the contract. The testimony showed the following state of facts: The mortgaged premises had a grist mill upon them and were valued by the owner at $325. Elliott was willing to purchase at the price, provided he was not pressed by the mortgage creditor, whose debt was already past due. Having received an assurance of one year's indulgences to Winston, he bought the property, agreeing to pay the mortgage debt of $240, and also a store account of Winston's amounting to $6 to Brewer & Son, and the remainder of the purchase money to Winston. Brewer & Son assented to this arrangement. They were willing to receive payment from Elliott and to give credit to Winston for any sum he might pay; but they expressly refused to give up Winston's note and take Elliott's note in lieu thereof. In point of fact, they took no obligation of any sort from Elliott. Subse-

quently the mill was washed away by a freshet. Winston is the only witness of those who were present when the transaction occurred, who swore that the mortgagees consented to accept Elliott as their debtor and to release the original debtor. The Brewers (father and two sons) and Elliott contradicted him on this point. And they are corroborated by the circumstances, and also, to a certain extent, by the account given by Winston himself of the interview.

As there must be another trial, we caution the court below that the present record contains a good deal of hearsay, which should be excluded, if offered again; such as declarations made by Winston and Elliott, before and after the consummation of their trade, in the absence of the plaintiffs.

Reversed and remanded, with directions to restore the cause to the law docket and for further proceedings.