ELKINS *v.* HENRY VOGT MACHINE COMPANY.

Opinion delivered June 26, 1916.

1. CONTRACTS—NOVATION—DEFINITION.—Novation is the substitution by mutual agreement of one debtor, or of one creditor, for another whereby the old debt is extinguished, or the substitution of a new debt or obligation for an existing one.

2. CONTRACTS—NOVATION—EVIDENCE.—Appellants were liable to appellee on a note for the purchase of machinery. Under a plea that the

appellee had accepted the liability of third parties, and relieved the appellants, it is the duty of the court to permit appellants to introduce testimony in support of the allegations in their answer, and of any correspondence, transactions, conduct or admissions of appellee, tending to prove same.

Appeal from White Circuit Court; *J. M. Jackson*, Judge; reversed.

### STATEMENT BY THE COURT.

Appellee Machine Company brought suit upon three promissory notes signed by James Elkins, W. D. Raywinkle, C. C. Edwards and H. E. Watson for the aggregate amount thereof.

The notes were given for machinery to be used for the erection of an ice plant by a partnership known as the Kensett Ice & Gin Company, composed of said individuals.

Only the defendants, Elkins and Raywinkle answered, denying the plaintiff's right to recover against them and alleged that they had sold their interest in the machinery to C. C. Edwards, J. M. Devlin and T. E. Devlin, with the understanding that they were to be relieved from the payment of the note and that for a valuable consideration, consisting of the execution of a mortgage by Devlin and others to it, to secure the payment of the said indebtedness that plaintiff had released them from all liability.

The notes were introduced in evidence, read to the jury with the statement by appellee's counsel that there was a balance due of twenty-three hundred and some odd dollars.

Appellants introduced J. M. Devlin, who testified that he had been connected with the Kensett Ice & Gin Co., and bought Messrs. Raywinkle's and Elkins' interest therein some time in March, 1912; that he awrs4e he Machine Company several letters about it ttoo certain if his purchase would be satisfactory; that he received from them the following telegram:

"Louisville, Ky., 3-21-12.

James M. Devlin, Kensett, Ark.

Will await payments you mention, July and November, provided Elkins, Raywinkle, all will have satisfactory

agreement among yourselves without changing notes, etc. It's useless for the short time. Adam Vogt, our secretary, will be Gayoso Hotel, Memphis, tomorrow. If you want to see him, notify him exact time at hotel.

(Signed) Henry Vogt Machine Company."

They offered to show by this witness that appellee company had written certain letters to him indicating a willingness to accept the new debtors upon the giving of satisfactory security and that certain mortgages had been executed by said purchasers of the Raywinkle-Elkins interest to the machine company and foreclosed by it. The mortgages were also offered in evidence but excluded by the court, which likewise refused to permit appellants to show that the mortgages had been foreclosed and what money had been realized therefrom. Certain agreements between the machine company as to the sale of the plant and H. E. Watson, C. C. Edwards, J. M. Devlin and T. E. Devlin were also offered in evidence and likewise the deposition of Adam Vogt, the secretary of the machine company, containing statements tending to show its knowledge of the proposed transaction and consent thereto upon the execution of certain security by the purchasers of the Raywinkle-Elkins interest.

*John E. Miller* and *Rachels & Yarnell*, for appellants.

1.   The company by its acts and conducts released the defendants. The answer set up a valid defense—really a novation. 29 Cyc. 1130, 1132-3; 64 N. E. 435; 48 *Id.* 919; 61 N. Y. Supp. 1046.

2.   It is estopped by its conduct. 16 Cyc. 787-8, 791-2; 99 Ark. 263; 91 *Id.* 141, 148; 47 *Id* 317; 35 *Id.* 365; 33 *Id.* 465.

3.   It was error not to allow appellants to introduce and read to the jury the deposition of Adam Vogt and the deeds of trust. Also in refusing to permit witness Devlin and defendants to answer the questions propounded to them. This was competent testimony and relevant to the issue.

*Brundidge & Neelley,* for appellee.

1.  There was no novation and no estoppel. 3 Words & Phr. (2 series), 664; 3 Ark. 220; 28 *Id.* 193; 46 *Id.* 166; 45 *Id.* 313; Am. Cases, 1915, A. p. 1092; 62 Ark. 316; 72 *Id.* 62.

2.  The evidence offered was properly excluded. 15 Ark. 345; 92 *Id.* 275; 85 *Id.* 263. The court properly instructed a verdict as there was no legal evidence to go to the jury showing release or novation.

KIRBY, J., (after stating the facts.) The answer sufficiently alleged a defense to the suit, but the burden of proof was upon the defendants, appellants, to establish the truth thereof.

"Novation is the substitution by mutual agreement of one debtor, or of one creditor for another whereby the old debt is extinguished, or the substitution of a new debt or obligation for an existing one, which is thereby extinguished," * * * * 29 Cyc. 1130.

"It is not essential that the assent to and acceptance of the terms of the novation be shown by express words to that effect, but the same may be implied from the facts and circumstances attending the transaction, and in the conduct of the parties thereafter. Such consent is not to be implied merely from the performance of the contract by the substitute, for that might well consist with the continued liability of the original party, the substitute acting for that purpose in the capacity of agent for the original obligor." * * * * 29 Cyc. 1132-1133. *Logan* v. *Williamson,* 3 Ark. 220; *Brewer & Son* v. *Winston,* 46 Ark. 166; see also *Union Cent. Life Ins. Co.* v. *Hoyer,* (O.) 64 N. E. 435; *Walker* v. *Wood* (Ill.) 48 N. E. 919; *DeWitt* v. *Monjo,* 61 N. Y. Supp. 1046.

They had the right to introduce testimony in support of the allegations of their answer and any correspondence, transactions, conduct or admissions of appellee company or its authorized agent tending to prove it and also the deposition of its said secretary taken in the case by appellee, its attorneys having consented thereto, and the court erred in the exclusion of such testimony from the

jury. It was substantial testimony which would have supported a verdict in favor of appellee under proper instructions, had the jury seen fit to give it credit and the court erred in its rulings excluding the testimony and in directing the verdict. *Williams* v. *St. L. S. F. Ry. Co.*, 103 Ark. 401; *Brigham* v. *Dardanelle, etc., Ry. Co.*, 104 Ark. 267.

The judgment is therefore reversed and the cause remanded for a new trial.