## LANSDELL *v.* WOODS.

### Opinion delivered February 19, 1917.

1. APPEAL AND ERROR—EXCEPTIONS TO INSTRUCTIONS IN GROSS.— Exceptions in gross to requested instructions will not be considered on appeal, if any one of them was bad.

2. LEASES—LIABILITY OF ASSIGNEE.—The assignee of a lease will generally be liable for all rent accruing while he is in privity of estate with the lessor, but no liability exists where the assignment was merely intended as a mortgage.

Appeal from Crawford Circuit Court, *Jas. Cochran,* Judge; affirmed.

*Wear & London,* for appellant.

1. This well known rule is laid down by our own court. When a party accepts a written lease for a term of years * * * and enters upon and holds the premises for a term, he will not be exempted from the

payment of rent because he did not sign the lease. 21 Ark. 50; 7 Ala. 772; 37 Pac. 1037; 30 Cal. 547; 1 Ga. 220; 172 Ill. 547; 141 *Id.* 565; 135 Ind. 357; 20 Mo. App. 544; 71 Tex. 228.

2. After enjoying the profits and benefits, one cannot disaffirm the contract and escape the burdens.

3. Parol evidence to vary the items of a written contract is not admissible. The contract was plain and certain and needed no explanation. The court erred in its instructions to the jury, especially in refusing those asked for appellant. The latter are a simple declaration of the law. 3 Ark. 222; *Ib.* 358; 4 *Id.* 199. The trial court proceeded upon the wrong theory. The contract was valid and the testimony supported appellant's contention that Woods is bound by his written agreement.

*C. A. Starbird*, for appellee.

Woods had no connection with this case, except the lease was assigned to him as indemnity against loss on the note of Weese. None of the instructions asked by defendant state the law. Each leaves out of consideration whether Wood entered into possession of the land or farmed it under the lease. Wood signed no contract or lease and never agreed to pay the rent. The instructions given were correct.

STATEMENT BY THE COURT.

Tom Lansdell instituted this action in the circuit court against John F. Woods and Frank Weese to recover $600.00 alleged to be due him on a lease contract. The facts are as follows:

In September, 1913, Thomas Lansdell leased to J. H. Bozarth by a contract in writing a certain tract of land in Crawford county, Arkansas, for the period of five years for the sum of $600.00 each year. It was shown by oral testimony on the part of the defendants that Bozarth assigned this lease to Frank Weese and that the latter immediately went into possession of the land and has been in possession

of the same ever since. Bozarth agreed to transfer the lease to Weese for the sum of $225.00. Weese did not have the money. To get it, it was agreed that the lease should be transferred to Woods as security for this loan. Pursuant to this verbal agreement, Bozarth transferred the lease to Woods. Woods held the lease until Weese paid off the note which he had signed for Weese and then Woods transferred the lease to Weese. Woods was never in possession of the land at all. Weese paid the note in 1914. Woods then assigned the lease to Weese and did not thereafter have anything to do with the lease. In the spring of 1915, there was an overflow in the Arkansas river, which destroyed most of the crop of Weese on the land in question. On this account he failed to pay the rent and this suit was instituted against him and Woods by Lansdell to recover the rent for that year.

Lansdell introduced a letter written to him in regard to the matter in which Woods stated that he had transferred the lease to Weese and referred to the fact that the river had destroyed the crops on the land for the year in question. He also asked in the letter what Lansdell proposed to do with them and made a proposition about the rent for Weese. In explaining this letter both Woods and Weese testified that the latter could not write and that the letter was written for him and that the parties had no intention of stating that Woods was then interested in the lease or that he had ever been except to hold it as collateral security.

At a former term of the court the jury had returned a verdict against Weese for the amount of the rent and no appeal was taken from that judgment. Hence the liability of Woods only for rent is involved in this case.

The jury returned a verdict in the defendant's favor and the plaintiff has appealed.

HART, J. (after stating the facts).

(1) Counsel for the plaintiff claim that the court erred in refusing to give certain instructions asked by them, but the exceptions to these instructions were in

gross. Where the exceptions to the court's several instructions were in gross, they will not be considered on appeal, if any one of them was bad. There are numerous decisions of this court to this effect and we need only cite a few of them. *H. D. Williams Cooperage Co.* v. *Clark*, 105 Ark. 157; *K. C. So. Ry. Co.* v. *Morris*, 80 Ark. 528; *K. C. So. Ry. Co.* v. *Belknap*, 80 Ark. 587. At least one of the instructions was peremptory in its nature and for that reason should not have been given to the jury. It follows we cannot consider the other instructions refused. Moreover the case was submitted to the jury upon proper instructions to which no objections were made or exceptions saved.

It is next insisted that the court erred in admitting oral evidence to the effect that the lease was assigned to Woods as collateral security for a note signed by him for Weese to obtain money with which to purchase the lease.

(2) It may be stated at the outset that this testimony, if it is competent, would be prejudicial to the rights of the plaintiff. On the ground that there is privity of contract between the lessor and the lessee, the latter is liable to the former upon an express covenant to pay rent even though there has been an assignment of the term to a third party. *Evans* v. *McClure*, 108 Ark. 531. The assignee will generally be liable for all rent accruing while he is in privity of estate with the lessor. Underhill on Landlord and Tenant, vol. 2, p. 1080.

On the other hand if the assignment of the lease was merely intended as a mortgage or as security, it will be presumed that the parties never intended that the assignee should have possession but that the mortgagor should continue in possession and on this presumption of intention the law will not hold the assignee liable for the rent to the lessor. Underhill on Landlord and Tenant, vol. 2, p. 1087.

The evidence in question does not tend to vary or contradict the terms of the instrument but to establish

the fact of a loan and that the assignment was made to secure the loan.

In *Reynolds* v. *Blanks*, 78 Ark. 527, it was held that parol evidence is admissible to show that an assignment of a contract absolute in form was intended merely as security for a loan. As we have already seen, the disputed question of fact was submitted to the jury upon instructions to which no exceptions were saved.

The judgment will be affirmed.