HANSON *v.* LOUISIANA OIL REFINING CORPORATION.

4-2687

Opinion delivered October 17, 1932.

*E. A. Upton,* for appellant.

*Blanchard, Goldstein, Walker & O'Quin* and *Searcy & Searcy,* for appellee.

BUTLER, J. The Blewster Service Station, a domestic corporation, was engaged in retailing gasoline and oils in Texarkana, R. H. Hanson being its president, T. M. Blewster its vice president, and Stella Hanson its treasurer. Desiring to establish a line of credit with the Louisiana Oil Refining Corporation, appellants in their individual capacities, executed a contract on March 21, 1928, in the form of a letter addressed to the Oil Refining Corporation requesting sale and delivery to the Blewster Service Station, on the usual terms, such merchandise as might from time to time be selected (including gasoline and oil, and agreeing that the signers would become personally responsible for the payment of the purchase price not to exceed $1,000, whether evidenced by open account or otherwise. Acting upon this contract, the Oil Corporation sold and delivered a quantity of gasoline and oil to the Blewster Service Station to the amount of $2,100.48. Some payments were made and certain discounts allowed reducing the amount of the indebtedness claimed by the Oil Corporation to the sum of $1,420.78, and, this amount remaining unpaid, the Oil Corporation instituted this action against the appellants setting out the personal obligation entered into by them, alleging the sales and deliveries, the balance due, and exhibiting with its complaint an itemized account showing the debit and credit items and the balance, which was sworn to by the proper officers of the Oil Corporation.

The appellants filed an answer which was subsequently withdrawn and another answer filed in lieu thereof, in which the execution of the agreement to pay the account of the Blewster Service Station up to the amount of $1,000 was admitted and also the items charged in the statement of the account, but denied that, after allowing all credits, the balance remaining unpaid was

the sum of $1,420.78 and that the account showed all the credits to which the service station was entitled. They alleged that the credit items which should have been allowed and were not were two cents per gallon on gasoline and ten cents per gallon on oils allowed the purchaser as a trade discount; that, when said discounts were credited as they should be, nothing would remain due and unpaid on said account.

As a further defense to the action, appellants set up a certain contract executed on the third day of September, 1928, between the Blewster Service Station and the Oil Corporation which is as follows:

"LOUISIANA OIL REFINING CORPORATION.
"CONTRACT.

"State of Arkansas, County of Miller—

"This agreement to sell by and between Blewster Service Station Company, R. H. Hanson, president, and Louisiana Oil Refining Corporation, a Virginia corporation, authorized to and doing business in the State of Arkansas, with its principal office in the city of Shreveport, herein represented by.................................................................. whose authority is recognized and acknowledged, witnesseth:

"Blewster Service Station Company, R. H. Hanson, president, has agreed to and does hereby agree to sell the Louisiana Oil Refining Corporation, which has agreed to and does hereby agree to the following described property, for the consideration and on the terms and conditions herein expressed:

"Description of Property. All that parcel of land on which is situated the Blewster Service Station being more particularly described as follows:

"Examination of Title. This agreement is subject to examination of title by the attorneys for the Louisiana Oil Refining Corporation, whose opinion thereon shall be final.

"Consideration. Five thousand dollars ($5,000). All debts, rentals, bad checks, etc., owed to Louisiana Oil Refining Corporation to be deducted from purchase

price and balance to be payable in three yearly payments of equal parts.

"Thus done and signed in duplicate in the presence of the undersigned and competent witnesses on this 3d day of September, 1928.

"BLEWSTER SERVICE STATION CO.,
  "By R. H. Hanson, Pres.
"LOUISIANA OIL REFINING CORPORATION,
  "By W. Oden.
"Witnesses:
  "H. B. Wren, Jr.
  "Ford Land."

It was alleged that the above contract superseded the contract upon which suit was brought and was a novation of the indebtedness sued on; that the Oil Corporation arbitrarily breached the contract of September 3, 1928, thereby preventing the consummation of sale. This answer was not sworn to.

The case was submitted to the jury upon conflicting testimony as to the amount of credits that should be allowed upon the account. There was a finding in favor of the Oil Corporation, and verdict was rendered in its favor in the sum of $750. Judgment was entered in accordance with the verdict, from which is this appeal.

The court instructed the jury that the burden was upon the appellants to show the payments for which they claimed credit, and, further, that, if they should find from a preponderance of the evidence that the service station was entitled to credits other than those shown in the statement of account, the appellants would be entitled to the benefit of the same, and, if these credits equaled or were greater than the amount of the debit items, the verdict should be rendered for the appellants, otherwise for the appellee (plaintiff) in whatever amount the just credits were less than the amount of the debit items.

It is insisted by the appellants that these instructions wrongfully imposed the burden of proof upon them to prove the items of credit, whereas it in fact

devolved upon the appellee to establish both debit and credit items by a preponderance of evidence. The complaint with the verified itemized account made a *prima facie* case, and, since the correctness of the account was admitted, except for certain deductions by way of trade discounts claimed by the appellants, the burden was upon them to prove the right to such deductions, and the instructions complained of were proper declarations of the law. *Ferguson Lbr. Co.* v. *Logan-Long Co.*, 181 Ark. 1146, 26 S. W. (2d) 569.

The court refused to grant an instruction requested by the appellants to the effect that an arbitrary refusal on the part of the Oil Corporation to perform its contract of September 3d without fault on the part of the service station, when it was able and willing to perform the same, would exonerate the appellants from liability, regardless of the status of the account sued on. The court did not err in this regard. The contract alleged to have been breached was not between the appellants and the appellee, and for its breach no right of action would have accrued to them but to the service station. Nor was there any allegation or showing made that any damage would have resulted to the service station because of the alleged breach.

It is next insisted by the appellants that the contract of September 3, 1928, constituted a novation and superseded the credit contract, and that the court erred in refusing to so hold. The contract of September 3d, *supra,* is explicit in its terms and does not warrant the contention made. It is well settled that novation is the substitution by mutual consent of one debt for another, or a new debt for an old one, whereby the old debt is extinguished, and the intention to effect this must be positively declared. *Cockrill* v. *Johnson,* 28 Ark. 192; *Brewer* v. *Winston,* 46 Ark. 163; *Elkins* v. *Henry Vogt Machine Co.,* 125 Ark. 6, 187 S. W. 663.

It is next insisted that the court erred in its rulings in holding competent certain testimony offered over objections. On the question of the trade discounts claim-

ed, the district manager of the Oil Corporation testified that he had no authority to make such agreement. This testimony was admitted by the court as a circumstance tending to show whether in fact the district manager had made an agreement to allow discounts as claimed by the appellants. For this purpose such testimony was competent. For the same reason, the rules of the National Petroleum Institute showing the prices of the products were admissible, as was also the original contract between the Oil Corporation and the service station regulating the terms under which the latter might sell, as it was shown that the service station continued to sell under this contract after the Hansons became interested in the business and during the time the account sued on was made.

Again complaint is made that the appellee's attorney exhibited to Hanson a carbon copy of a letter which the Oil Corporation claimed to have written and mailed to Hanson, which Hanson denied receiving, and permitting said attorney to read an excerpt from said carbon copy, and ask Hanson if he did not remember receiving the letter containing that statement. To this question the witness answered, ''No.'' The court instructed the jury that the carbon copy of the letter could not be considered as evidence, and it was not error to permit the question to be propounded.

The last assignment of error argued is that the verdict was contrary to the law and the evidence, in that the testimony on the part of the appellants tended to show that there was a balance of only $21.85 due the oil corporation after the trade discounts claimed had been deducted, and that the testimony on the part of the appellee tended to show that not less than $1,000 was due. Appellants therefore argued that the verdict was unsupported in any view of the testimony. Accepting the evidence of the appellee as true, as the jury must have done, it is clear that it was entitled to a judgment in the sum of $1,000, but the appellants are in no position to complain, as the verdict was more favorable to them

than was justified by the testimony. *Washa* v. *Harris,* 162 Ark. 186, 266 S. W. 944; *Fulbright* v. *Phipps,* 176 Ark. 356, 3 S. W. (2d) 49.

The judgment is affirmed.