RIDDICK *v.* WHITE.

4-4764

Opinion delivered November 15, 1937.

*H. H. Honnell* and *Granville Farrar*, for appellants.

*Wils Davis* and *John A. Fogleman,* for appellees.

GRIFFIN SMITH, C. J. The defense interposed to a complaint filed by appellees, who asked judgment for $5,064 on a series of notes executed by appellants, was that there had been a novation whereby $500 was to be accepted in lieu of the original obligation.

The judgment recites that the court, after hearing opening statements of counsel for the respective parties and certain evidence, directed the jury to return a verdict for the plaintiffs.

It is urged (1) that the court committed error in directing a verdict at the close of plaintiff's proof, based on the statement of plaintiff's counsel in open court that plaintiffs admitted the allegations and averments of the answer, and waived the introduction of proof of same by defendants; and (2) that the court erred in holding that the facts admitted by the plaintiffs did not constitute in law a novation and discharge and release of the notes sued on.

We are of the opinion that the court properly directed a verdict for plaintiffs. There was no question as to the ownership of the notes, or the right to sue on them, but for the transactions and circumstances which appellants construe as having constituted a novation.

Of an original series of 43 notes executed by appellants in 1932, seven had been paid, and at the time suit was filed all of the remaining 36 were past due. Although the last of the series did not mature until January, 1935, settlement negotiations were begun in July, 1934, when appellee's attorney wrote appellants, asking if they would be interested in making a bid for the notes.

Upon receipt of this letter, appellants met the attorney, who offered to settle for $1,000. After further negotiations, the attorney agreed, conditioned upon his ability to procure a necessary order from the Shelby county probate court, to accept $500.

A third party, from whom appellants expected to procure funds with which to make the payment, died. In February, 1936, appellees' attorney wrote, advising that it would be necessary to make other arrangements for a court order, in view of the death of the party who was to make the payment, and who, ostensibly, was to be the purchaser of the notes. It is contended that appellees' attorney was advised that a substituted party had agreed to act in making such purchase.

On January 6, 1936, the attorney wrote: "If you will let me have your check for $500, payable to the executors, I will try to get the court order through immediately, authorizing the sale of this mortgage for that amount." Between January 6 and March 7, when the subsequent letter was written, plans of appellants were interfered with through death of the nominal purchaser, but the remittance, or tender, was never made. On March 18, 1936, the attorney wrote appellants: "I am directed by the executors to withdraw any previous tentative agreement of settlement." In response to this letter appellants went immediately to the attorney and remonstrated, contending that he at no time agreed to such cancellation; but, rather, that he insisted the terms of the novation be carried out. In their answer appellants said: "Defendants say that they are now ready and willing to pay into the hands of the clerk of this court, under proper order of the court, the sum of $500, with interest thereon, and they have at all times been ready and willing to carry out their agreement."

The definition of novation, approved in *Elkins* v. *Henry Vogt Mch. Co.*, 125 Ark. 6, 187 S. W. 663, is: "Novation is the substitution by mutual agreement of one debtor, or of one creditor, for another, whereby the old debt is extinguished, or the substitution of a new debt

or obligation for an existing one, which is thereby extinguished." In *Cockrill* v. *Johnson*, 28 Ark. 193, there is this declaration of the law: "In the substitution of a new debt or obligation for an old one, which is denominated in the civil law a novation, the intention of the parties to that effect should be positively declared; or at least in whatever manner expressed, it should be so evident as not to admit of doubt: in other words, a novation is not to be presumed unless the intention to that effect evidently appears." See, also, *Brewer* v. *Winston*, 46 Ark. 163; *Hanson* v. *Louisiana Oil Refining Corporation*, 186 Ark. 331, 53 S. W. (2d) 430.

In the instant case negotiations in favor of settlement at a very large discount were suggested by appellees in July, 1934. Appellants, upon receipt of the letter written at that time went to the attorney representing appellees, and the latter offered to take $1,000 for the notes * * *. "Then, several months later, the offer was reduced to $750." It is then claimed that appellants made the offer of $500 and named a party who would pay that amount. There appears this statement: "Your defendant did not hear anything further from the attorney until he received a letter from him dated January 6, 1936." This letter has already been referred to.

These negotiations did not contemplate the substitution of one debt for another, but a sale of the notes for the agreed price of $500, and this was conditioned upon court approval, and receipt of check. If it should be admitted that court approval was a mere formality, still appellants do not show that they made a tender of the purchase price until after the offer had been withdrawn and suit had been filed.

The judgment of the circuit court is affirmed.