## FIRST NATIONAL BANK IN BLYTHEVILLE *v.* ELLIS GIN COMPANY, INC.

79-20                                    582 S.W. 2d 271

Opinion delivered June 18, 1979
(In Banc)

*Partlow & Mayes, P.A.,* for appellant.

*Gardner & Steinsiek,* for appellee.

GEORGE ROSE SMITH, Justice. On January 12, 1976, the appellee gin company issued a check for $6,453.57 to Charles Smallwood in payment for 46 bales of cotton. The next day Smallwood presented the check to his bank, the appellant, receiving most of the proceeds in cash and depositing the rest to his account. Before the check reached the drawee bank, another bank in Blytheville, the gin company stopped payment on the check, because a production credit association had a lien on the cotton and should have been made a joint payee of the check. The gin company issued a new check, payable jointly, which Smallwood apparently indorsed and turned over to the PCA.

Almost two years later the appellant brought this suit against the gin company to recover the appellant's net loss on the check. The appellee pleaded a novation as a defense, in that the bank had accepted Smallwood's promissory note in place of the check. This appeal is from a decree sustaining the gin company's defense.

The parties agree that the appellant was a holder in due course, so that the appellee was required to establish a defense to the suit. One form of novation occurs when by mutual agreement a new obligation is substituted for an existing one. *Elkins* v. *Henry Vogt Machine Co.,* 125 Ark. 6, 187 S.W. 663 (1916). Here the question is whether the chancellor's finding that a novation occurred is clearly against the preponderance of the evidence.

For several months after the original transaction the appellant bank tried to collect the amount of its loss from Smallwood. The witness Tomlinson, an officer of the bank, talked almost daily to Smallwood, who was trying to get a Farm Administration loan to repay the bank. Finally, on April 30, 1976, the bank took a promissory note for the

amount of its net loss, $6,098.05, plus interest of $119.08. Both Smallwood and his wife signed not only the note but also a companion real estate mortgage, which was actually only a third lien on the land. Tomlinson testified that the gin company's check at first was carried on the bank's books as a cash asset. When the Smallwood note was received the cash item was wiped out on the books, and the principal amount of the note was reflected on the books as a charge to loans and discounts. Smallwood testified that when the note and mortgage were signed Tomlinson offered to give him the gin company's check, but when Smallwood said he didn't know what he was going to do with it, Tomlinson said, "I will just keep it." The bank still had the check when the suit was filed.

Perhaps the view could be taken that the bank's acceptance of the Smallwoods' note and mortgage was not intended as a substitution for the bank's claim against the gin company. But when we consider that the note and mortgage were in an amount different from that of the check, that Mrs. Smallwood signed the note and mortgage, that the note replaced the gin company's check on the bank's books, and that the bank offered to return the check to Smallwood when the note was accepted, we cannot say that the chancellor's finding of a novation is clearly against the weight of the proof.

Affirmed.