## METROPOLITAN TRUST CO. *v.*
## W. R. (Ray) WOLF and Fern WOLF

CA 82-313                                     648 S.W.2d 494

### Court of Appeals of Arkansas
### Opinion delivered March 23, 1983

2

*Catlett & Stubblefield*, by: *Charlene D. Bilheimer*, for appellant.

*Milas H. Hale*, for appellees.

MELVIN MAYFIELD, Chief Judge. The question in this case is whether appellees W. R. (Ray) Wolf and Fern Wolf have been released by novation from liability on a lease.

On October 28, 1977, the appellant leased Lot 1, Block 1, Hudson Park Addition to the City of Sherwood, Arkansas, to W. R. Wolf for a ten-year period for $24,000.00, payable in monthly installments of $2,000.00 each. By agreement dated August 15, 1980, the lease was assumed by Fern Wolf and by

agreement dated December 1, 1980, it was assumed by Michael Skaggs.

Suit was filed in circuit court against the Wolfs and Mr. Skaggs alleging they were jointly and severally liable for rent due for February, March, and April of 1981, and for $1,750.56 due for real estate taxes and special assessments.

It is important to consider carefully the decision of the trial judge sitting without a jury. The judge's findings of fact state that pursuant to the October 1977 lease, W. R. Wolf was in possession of the leased property until he abandoned it on August 15, 1980; that Fern Wolf assumed the obligations of the lease as of August 15, 1980; and that on December 1, 1980, Michael Skaggs acquired possession from Fern Wolf and agreed to assume the obligations of the lease.

The judge then made conclusions of law holding that the agreement by Fern Wolf constituted a novation which released W. R. Wolf from all liability on the lease, and that the agreement of Skaggs constituted a novation which released Fern Wolf from all liability on the lease. The court then held that, "except for the conclusion of law" that these agreements released W. R. and Fern Wolf, they "would be jointly and severally liable with Michael Skaggs."

Thus, it is clear that the trial court found the novations as a matter of law and except for that he found the appellees would be liable. In other words, he did not find as a matter of fact that the novations existed but that they existed as a matter of law only. Based on his findings and conclusions, judgment was rendered against Skaggs only and he has not appealed.

Both sides have furnished us with excellent briefs and we find the law is really not in dispute. It is settled that because there is a privity of contract between them, the lessee is liable to the lessor upon the agreement to pay rent even though there has been an assignment of the lease to a third party. *Lansdell* v. *Woods,* 127 Ark. 466, 469, 192 S.W. 715 (1917). This is true unless the lessee has been released from his liability, and payment of the rent by the assignee does

not, by that fact alone, constitute a release of the lessee's liability. *Durden* v. *Hinton*, 190 Ark. 373, 79 S.W.2d 65 (1935); *Evans* v. *McClure*, 108 Ark. 531, 158 S.W. 487 (1913). *Keith* v. *McGregor*, 163 Ark. 203, 259 S.W. 725 (1924), puts it this way:

> All express covenants in a lease contract binding the lessee to pay rent during the term "inhere in the estate as a covenant real, and bind the assignee of the term, by reason of his privity of estate, to pay the rent accruing during his ownership and possession of the estate; so that, after an assignment of the lease, the lessor has a double and several security for the payment of his rent, either or both of which he may pursue until satisfaction is obtained. Therefore the receipt of rent from the assignee of the lessee does not amount to a novation or release of the lessee, but is the assertion of a right which accrued to the lessor as an incident to the assignment." (Citations omitted.)

The word "novation" used in the above case has been defined as, "The substitution by mututal agreement of one debtor, or of one creditor, for another, whereby the old debt is extinguished, or the substitution of a new debt or obligation for an existing one, which is thereby extinguished." *Barton* v. *Perryman*, 265 Ark. 228, 231, 577 S.W.2d 596 (1979); *Riddick* v. *White*, 194 Ark. 1010, 1012, 110 S.W.2d 9 (1937). The burden of establishing a novation is upon the party claiming it and there must be a clear and definite intention that novation is the purpose of the agreement. *Alston* v. *Bitely*, 252 Ark. 79, 90, 477 S.W.2d 446 (1972); *Simmons National Bank* v. *Dalton*, 232 Ark. 359, 337 S.W.2d 667 (1960); *Sterling* v. *Sterling*, 2 Ark. App. 168, 621 S.W.2d 1 (1981). It has also been said that the intent of the parties "should be so evident as not to admit of a doubt." *Cockrill* v. *Johnson*, 28 Ark. 193 (1873).

Applying the above rules of law to this case, we think the trial judge was in error. The lease to W. R. Wolf provided that he could assign it with the appellant's consent but he would remain "at all times liable for the payment of all rents required." The agreements signed by Mrs. Wolf and Mr.

Skaggs were entitled "Assumption and Ratification of Lease," and contained provisions that the rent and other lease obligations were assumed. But there is nothing in either agreement that in any way provides for Mr. Wolf to be released from his lease obligations and both agreements provide that nothing therein will violate any of his rights in the lease. Both agreements refer to the lease between appellant and W. R. Wolf and it is made a part of both agreements. They state that the right to possession has been obtained from the lessee and the Skaggs agreement is expressly approved and agreed to by the signatures of Mr. and Mrs. Wolf. The agreements recite that the assignee is desirous of obtaining the lessor's consent and consent is evidenced by the signature of the president of the appellant company on each agreement.

There is simply nothing in Mrs. Wolf's assumption agreement to show that the appellant intended to substitute her liability for the liability of Mr. Wolf, and there is nothing in Mrs. Skaggs' assumption agreement to show that the appellant intended to substitute his liability for the liability of Mr. and Mrs. Wolf, on either of them. Since there is no testimony abstracted and the trial court's decision states it is based upon the written instruments alone, we think the law requires that this matter be remanded for the trial court to enter its judgment against W. R. Wolf, Fern Wolf, and Michael Skaggs, jointly and severally.

It is so ordered.