BIDDLE *v.* BIDDLE.

4-7641                                    187 S. W. 2d 720

Opinion delivered May 21, 1945.

C. T. Carpenter, for appellant.

Bon McCourtney and Claude B. Brinton, for appellee.

McFADDIN, J. This is the second appeal in this litigation. Those desiring the background information are referred to the case under the same style in 206 Ark. 623, 177 S. W. 2d 32, where Mr. Justice KNOX gave a most complete statement of the facts and contentions of the parties, and wherein the cause was remanded to the chancery court for two specified purposes, to-wit:

"The decree is reversed, and the cause is remanded with directions to the chancery court to enter a decree awarding relief to, and fixing liability of, the parties, in the same manner and to the same extent as the same was fixed and declared in the decree appealed from, except that:

"1. In lieu of provisions contained in the original decree, awarding title to and possession of the Radio Hill property to plaintiff, such new decree shall deny plaintiff's prayer for cancellation of deeds conveying

such property to defendant, and shall award title and right of possession thereof to defendant free from any claim of plaintiff; and

"2. In lieu of the provisions contained in the original decree requiring plaintiff to contribute $40 per month for the support of the minor children, and fixing the time when, and conditions on which such installments should begin to accrue, the trial court is directed to now determine and show in said decree the amount which plaintiff shall be required to contribute monthly towards the support of such children, and fix the time when such allowances shall begin to accrue, and provide the dates for and manner of payment thereof."

When the mandate of this court was filed in the chancery court, Mrs. Biddle then filed a pleading, praying: (1) that certain personal property alleged to belong to her, be so delivered; (2) that the title to the Radio Hill property be confirmed in her; (3) that an allowance be made for the support of the two children; and (4) that additional fee be allowed her attorney. Mr. Biddle filed a pleading praying: (1) that he recover rent from Mrs. Biddle and her bondsmen on the supersedeas bond for the time she held possession of the homestead during the first appeal; and (2) that he be relieved of the monthly payments for the support of the two minor children.

The chancery court heard the cause on depositions of witnesses. Mr. Biddle testified as to his financial condition. Three persons, entirely disinterested, and each claiming to know the rental value of property in Jonesboro, testified as to the rental value of the Biddle homestead. This was all the evidence, except that the decree contains the undenied statement that Mrs. Biddle's attorney stated in open court that she had remarried, and was living in Illinois, where the children were in school. The trial court evidently considered this as an admission, and since it is not challenged in this court, we will also give it the same consideration. On this evidence and admission, and pursuant to the mandate, the chancery court entered a decree: (1) fixing the title and possession of the Radio Hill property in Mrs. Biddle, as di-

rected in the mandate; (2) awarding Mrs. Biddle $50 additional attorney's fee; (3) adjudging all costs against Mr. Biddle; (4) awarding Mr. Biddle $275 for rent of the homestead for the time Mrs. Biddle occupied it during the first appeal and until entry by Mr. Biddle under the mandate; and (5) relieving Mr. Biddle of all monthly payments for the support of the two minor children. From that decree Mrs. Biddle has appealed, challenging items (4) and (5) above. Many questions of much nicety could be injected into the case, such as: the extent of the chancery court's hearing on remand, the forum for the supersedeas bond claim, and the collateral attack on the adoption of the minors. We prefer, however, to bypass these questions, to come to the items (4) and (5), as above mentioned, decided by the chancery court and questioned by the appellant.

I. *Mr. Biddle's Recovery of the Rental Value of the Homestead.* It was clearly stated in the decree from which there was the first appeal that Mr. Biddle's liability to pay $40 a month for the support of the children would not begin until Mrs. Biddle surrendered the homestead. Thus, Mrs. Biddle, by retaining the homestead, lost the $40 per month for the time of such retention. She should not, in addition, be required to pay rent on the homestead, when, by retaining the homestead, she was losing $40 per month for the support of the children. It is sufficient to say that, under the first decree and under the facts in this case, Mr. Biddle is not entitled to recover any sum for rent of the homestead; and that portion of the decree is reversed.

II. *Support of the Children.* The chancery court relieved Mr. Biddle of monthly payments for the support of the minor children. This order, of course, is subject to change on the showing of changed conditions. Mrs. Biddle had prayed that the court fix a reasonable sum for the support of the children; but she offered no proof of the condition of the children, except the admission by her counsel that she had remarried, and was living in Illinois, where the children were in school. On the first appeal we stated that in 1941 Mr. Biddle was 79 years of

age, and Mrs. Biddle was 31; that after they married, he adopted her two children; and that his only income was a pension of $75.61 per month and the possession of his homestead. A parent should support his children, but in determining the support, the courts consider certain factors: the needs of the minors for education, food and clothing, the ability of the father to pay, the position in society of the parties, the ages, and the peculiar circumstances of each case. In short, there is no yardstick by which to measure all cases alike. The amount of support is within the sound discretion of the trial court, and must be balanced against the father's ability to pay.

When we awarded Mrs. Biddle the Radio Hill property on first appeal, we thereby deprived Mr. Biddle of his principal means of providing support for the children; and in the condition of the testimony in this case, we cannot say that the finding of the chancellor is against the preponderance of the evidence on this matter of support of the children. We think the lower court properly construed our opinion, as authorizing the chancery court to determine, on remand, what amount, if any, under the changed conditions brought about by the modification of the first decree and the changed conditions of the parties, Mr. Biddle should be required to pay for the support of the children. The lower court found that, under the situation now existing, Mr. Biddle should not be required to pay any sums for such support. We cannot say that this finding is against the preponderance of the evidence. Therefore, so much of the decree as released Mr. Biddle from monthly payments for the support of the children is hereby affirmed. Costs are adjudged against Mr. Biddle.