MARSHALL HODGE *v.* VILLA HODGE

5-4073                                    409 S.W. 2d 316

Opinion delivered December 19, 1966

*Fred A. Newth,* for appellant.

No brief, for appellee.

OSRO COBB, JUSTICE. This appeal involves supplemental proceedings following a decree of divorce.

Appellant petitioned for a reduction in alimony payments to appellee and for other relief, based upon an alleged change in his earnings.

The trial court sustained a demurrer to appellant's evidence and dismissed the case. From this action appellant has prosecuted an appeal.

Appellee was granted a divorce from appellant in 1964. The decree was not made a part of the record but the testimony and comments of the Court during the hearing indicate that a property settlement may have been incorporated into the decree.

We have many times held that when a property settlement is embraced in a decree of divorce, including an award of alimony, that the Court is powerless to change the alimony award irrespective of changes in the economic situation of the parties. *Bachus* v. *Bachus,* 216 Ark. 802, 227 S.W. 2d 439 (1950).

Appellant and his 19-year-old daughter, who lives with him, were the only witnesses to testify. Appellant testified that he had earned nothing in 1966. On cross-examination he admitted that his rent for living quarters was $65.00 per month; that his groceries were $20.00 per week or $90.00 per month; that he and his daughter had traded in a 1963 Mercury for a 1965 Mustang sports car; that the payment on the Mustang was $65.80 per month; that appellee had advanced to him $1,000.00 of her own funds for use in purchasing a filling station business; that in the decree of divorce a lien in said amount was fixed for the benefit of appellee; that notwithstanding the terms of the decree, which were well known to appellant, he sold the business and paid appellee nothing from the proceeds; that he is in arrears in his alimony payments in an undisclosed amount.

The daughter of appellant on cross-examination testified that appellant was working regularly and he had told her he was making $60.00 a week. The daughter

received a nominal allotment from her husband, who was in service overseas.

No substantial evidence was given relating to appellee's economic situation as of the time of hearing. From the verified pleadings on behalf of appellee, it appears her income was less than at the time of divorce.

Had appellee's attorney rested at the conclusion of appellant's testimony and before the making of the motion to dismiss, the trial court would have been required to weigh the evidence and make findings binding upon both parties. However, this did not occur. The case, therefore, is controlled by *Werbe, et al* v. *Holt,* 217 Ark. 198, 229 S. W. 2d 225 (1950), from which we do not recede.

We are, therefore, compelled to reverse this case for further proceedings. This will afford the trial court an opportunity to examine the decree of divorce to ascertain whether it included a property settlement. It will also provide the trial court an opportunity to fix and assess an appropriate fee for counsel for appellee for services rendered.

Reversed and remanded.