LILLIAN E. ANDING (ANDERS) *v.*
LINDALL BOYD ANDERS

5-5360                                              459 S. W. 2d 416

Opinion delivered November 9, 1970

*Spencer & Spencer,* for appellant.

*Brown, Compton, Prewett & Dickens,* for appellee.

FRANK HOLT, Justice. This appeal results from the refusal of the chancellor to modify a divorce decree. Appellant was granted a divorce in 1964. A property settlement between the parties was approved by the court and incorporated into the decree. About four years later, the parties entered into a "Supplemental Property Settlement Agreement" whereby appellee was to pay $35.00 per month to appellant in addition to the $75.00 each month set forth in the original settlement. This was in lieu of appellee's oral covenant to pay grocery money to appellant every two weeks. The supplemental agreement also provided that "either party is given the right to make this agreement a part of the original divorce decree and seek its enforcement thereunder."

When appellee became delinquent in his payments under the supplemental agreement, appellant filed a "Motion For Judgment" with the chancery court for the arrearages. Appellee alleged in his answer that the supplemental agreement was void for lack of consideration and was obtained by duress and misrepresentation. Appellant then amended her motion for judgment by requesting that the supplemental agreement be made a part of the original divorce decree and be enforced. The court granted appellee's subsequent motion to dismiss which asserted that the court had no jurisdiction and that an adequate remedy at law existed. This appeal follows that order.

We agree that the chancellor was correct in dismissing appellant's motions for judgment. The original property settlement, complete in itself and without provision for its amendment or change, was approved by the court and incorporated into its divorce decree by the consent of the parties. Absent a showing of fraud in the inducement of the original agreement [*Collie* v. *Collie*, 242 Ark. 297, 413 S. W. 2d 42 (1967)], or unless both parties presently consent [*Lively* v. *Lively*, 222 Ark. 501, 261 S. W. 2d 409 (1953); *McCue* v. *McCue*, 210 Ark. 826, 197 S. W. 2d 938 (1946)], the court is *powerless* to modify that portion of the decree based on the con-

tract settlement between the parties. See *Hodge* v. *Hodge,* 241 Ark. 712, 409 S. W. 2d 316 (1966); *Johnston* v. *Johnston,* 241 Ark. 551, 408 S, W. 2d 885 (1966). The rationale of this rule is simply that: "* * * a modification of the decree would be no less than a modification of the contract itself." *Pryor* v. *Pryor,* 88 Ark. 302, 114 S. W. 700 (1908). See, also, Annot., 166 A. L. R. 675 (1947).

In the case at bar, fraudulent inducement was neither asserted nor shown by appellant as to the original agreement. Furthermore, appellee resisted appellant's attempt at modification thereby negating any attitude of present consent. The question then becomes: Does the supplemental agreement itself constitute "consent" for the requested modification? The answer to this depends upon the validity of the supplemental agreement which, in this instance, is nothing more than an alleged (and presently disputed) contract. Its validity being denied, the supplemental agreement is ineffective for purposes of consent. It thereby follows that in the circumstances the court is powerless to modify the decree.

Appellant relies upon *Dunn* v. *Dunn,* 174 Ark. 517, 295 S. W. 963 (1927), where we held that the chancellor erred in refusing to confirm a settlement which was voluntarily agreed to and executed between the parties subsequent to the entering of the divorce decree. That case, however, is significantly distinguishable. There the original divorce decree did not contain a property settlement agreement between the parties. Their property rights were first determined by the chancellor. The court, therefore, maintained a continuing power to alter its own decree. The fact that a later property settlement between the parties was evidently voluntary justified a modification. Here, however, the supplemental (and disputed) agreement is asserted first to confer upon the court the power to make a modification, and then to justify that modification. In other words, the court, in the *Dunn* case, had the power to modify; whereas here, absent consent of both parties, the court does not.

Affirmed.