Corrine Marie STERLING *v.* William
Frederick STERLING

CA 81-68                                      621 S.W. 2d 1

Court of Appeals of Arkansas
Substituted Opinion delivered August 26, 1981

*Eugene J. Mazzanti*, for appellant.

*Dale Price*, for appellee.

LAWSON CLONINGER, Judge. Appellant, Corrine Marie Sterling, was granted a divorce from appellee, William Frederick Sterling, on April 21, 1971, after twenty-four years of marriage. The parties entered into a written property settlement agreement which provided that the husband, appellee, was to pay the wife, appellant, alimony of $175.00 per week. The divorce decree did not refer specifically to alimony but provided, "The court doth find that the parties have reached an agreement regarding the settlement of their property, which is incorporated into this decree by reference and made a part thereof."

On July 7, 1980, appellant filed her motion for contempt, alleging that appellee had made no alimony payments for the months of June and July, 1980. On July 18, 1980, appellant amended her motion to allege that appellee

had reduced alimony payments from $175.00 per week to $125.00 per week without the approval of the court or appellant, and she asked for a judgment for the arrearage in the sum of $18,931, attorney's fee and costs. Appellee responded, alleging that the parties entered into an oral agreement five years previously to reduce the alimony to $125.00 per week, and denied that he was in arrears.

At the close of appellant's testimony appellee's motion for judgment was granted. The trial court found that the obligation of the appellee was contractual; that there was a novation of the agreement whereby the parties agreed that the sum would be reduced to $125.00 per week; and that appellee was current in his payments.

We hold that the trial court was in error when it granted appellee's motion for judgment and we reverse.

Novation is the substitution, by mutual agreement of a new debt or obligation for an existing one, and, like any other contract, a novation must be supported by a valid consideration. *Barton* v. *Perryman*, 265 Ark. 228, 577 S.W. 2d 596 (1979). The burden of establishing a novation is upon the party claiming it. *Simmons National Bank* v. *Dalton*, 232 Ark. 359, 337 S.W. 2d 667 (1960). In order to constitute a novation there must be a clear and definite intention of the parties that such is the purpose of the agreement. *Alston* v. *Bitley*, 252 Ark. 79, 477 S.W. 2d 446 (1972). We are unaware of any Arkansas case dealing with child support and alimony in which the term "novation" has been employed, but a number of our cases have held that, under the circumstances of a particular case, the parties may modify an existing agreement for child support and alimony. Most of the cases have involved child support, but it has been pointed out that there is an analogy in cases involving alimony and those involving child support. *Brun* v. *Rembert*, 227 Ark. 241, 297 S.W. 2d 940 (1957). Within limitations attributable to the overriding concern of the courts for the welfare of children, cases involving child support arrearages have been considered as precedential in cases involving alimony arrearages and vice versa. *Bethell* v. *Bethell*, 268 Ark. 409, 597 S.W. 2d 576 (1980).

In *Bachus* v. *Bachus*, 216 Ark. 802, 227 S.W. 2d 439 (1950), the parties had entered into a written agreement by which they settled all property rights and agreed that the wife would receive $200.00 per month as alimony and support for the couple's children. The chancellor approved the contract and it was incorporated into the divorce decree. Subsequently, the court entered an order changing the amount Mrs. Bachus would receive as set out by the contract, from $200.00 per month to $150.00 per month. The decision of the trial court was reversed on appeal, the court saying:

> The court erred in reducing the amount of the monthly payments. The parties to a divorce action may agree upon the alimony or maintenance to be paid. Although the court is not bound by the litigants' contract, nevertheless if the court approves the settlement and awards support money upon that basis there is then no power to modify the decree at a later date.

In *Seaton* v. *Seaton*, 221 Ark. 778, 255 S.W. 2d 954 (1953) the Arkansas Supreme Court said:

> Our decisions have recognized two different types of agreement for the payment of alimony. One is an independent contract, usually in writing, by which the huband, in contemplation of the divorce, binds himself to pay a fixed amount or fixed installments for his wife's support. Even though such a contract is approved by the chancellor and incorporated in the decree, as in the *Bachus* case, it does not merge into the court's award of alimony, and consequently, as we pointed out in that opinion, the wife has a remedy at law on the contract in the event the chancellor has reason not to enforce his decretal award by contempt proceedings.

> The second type of agreement is that by which the parties, without making a contract that is meant to confer upon the wife an independent cause of action, merely agree upon 'the amount the court by its decree should fix as alimony.' ... A contract of the latter character is usually less formal than an independent property settlement; it may be intended merely as a means of dispensing with the proof upon an issue not

in dispute, and by its nature it merges in the divorce decree.

In *Armstrong* v. *Armstrong*, 248 Ark. 835, 454 S.W. 2d 660 (1970), the wife filed for alimony in arrears and asked that the husband be cited for contempt under a separation agreement which had been incorporated into the divorce decree. The husband answered, asking for a reduction of the alimony payments. The court's divorce decree provided, ". . . the agreement . . . is . . . approved and confirmed and is made a part of the decree of this court and is given the same force and effect as if set forth herein . . ." The trial court gave the wife judgment for the sums in arrears, found that the agreement was contractual, and found that the payments were not subject to reduction by the court. On appeal, it was held that there was an agreement independent of the decree, and in affirming, the court stated:

> Here, too, the court might well have punished appellant for contempt if it had found that he was in willful violation of its decree, but as stated in *Bachus*, the court does not have to enforce the provisions of a decree through contempt proceedings. Of course, one of the purposes of incorporating an agreement that is independently entered into, is to be able to enforce its provisions through contempt proceedings.

In the case now before the court, there was an independent agreement which was enforceable at law or through contempt proceedings. The agreement was a complete contract, aside from the decree of the court. The agreement made no reference to the proposed decree, and in that way it is clearly distinguishable from the agreement in *Bethell*; the *Bethell* written agreement specifically provided that it would merge into the divorce decree. Also, the *Bethell* decree itself ordered the husband to pay $700.00 per month alimony, whereas in the instant case, the decree made no reference at all to alimony. We agree with the trial court's finding in the instant case that the appellee's obligation was contractual, but we hold that on the basis of the testimony presented there was no modification of the agreement by the parties. There has been no evidence presented to indicate that the husband gave up anything; there is nothing in the

record to indicate any reason for the reduction except his poor financial condition, and, unlike the husband in *Bethell*, his refraining from going into court and asking for a reduction in alimony payments was not a valid consideration. He had no standing to ask the court for modification of the agreement, because it was not an agreement capable of being modified by the court.

There has been no showing of a clear and definite intention of appellant to accept the reduced payments except on a temporary basis. Appellant contended all through her testimony that she agreed to a temporary reduction only until the financial position of the appellee improved, and she insisted that it was agreed that appellee was to make up the arrearages. The appellant was the only witness, and while we are not obligated to accept her testimony as undisputed, it is the only testimony presently in evidence.

In *Sage* v. *Sage*, 219 Ark. 853, 245 S.W. 2d 398 (1952), it was held that accrued installments, decreed as support money, become fixed with rendition of a judgment and the court was without power to remit them. *Sage* has been relied upon as authority for holding that the chancery courts have *no* power to remit past-due payments; however, the court indicated in *Bethell* v. *Bethell, supra*, that subsequent cases have said that the courts have no power to remit accumulated payments *under the circumstances* prevailing in that case. Under the facts presented in the instant case, there is no basis to remit any accumulated payments.

The cause is reversed and remanded to the trial court with instructions to deny appellee's motion for judgment and to proceed with the taking of evidence.