Robert C. NOONER *v.* Ruth C. NOONER

82-97                                                     645 S.W.2d 671

Supreme Court of Arkansas
Opinion delivered February 7, 1983

*Henry J. Osterloh,* for appellant.

*Hall, Tucker & Lovell,* by: *O. Wendell Hall, Jr.,* for appellee.

WILLIAM C. BETHEA, Special Justice. Appellee, Ruth C. Nooner, was granted a divorce from appellant, Robert C. Nooner, on February 24, 1972, after seven years of marriage. The parties entered into a written agreement which provided that the husband, appellant, was to pay the wife, appellee, the sum of $100 per week for support of the wife and two children for the life of the husband. The divorce

362

decree stipulated that the agreement was fair and just and was incorporated into the decree.

On March 24, 1982, appellee filed a petition stating appellant was $25,000 in arrears in support payments and requested that he be cited to show cause why he should not be held in contempt of court for failure to comply with court order. The Court on March 5, 1982, ordered appellant to appear and show cause why he should not be held in contempt. Appellant was personally served with a citation and a copy of the petition notifying him to appear on March 25, 1982. Appellant failed to appear on March 25, being out of the United States at that time. The Court issued a warrant for the arrest of the appellant, but appellant voluntarily appeared in court upon his return to Arkansas. Appellant responded, alleging that the parties orally agreed to vary the terms of the original agreement and that he was not in arrears pursuant to the substituted agreement.

At the close of testimony, the Court held appellant in contempt of court for failure to appear when so notified and fined him $100. Additionally, the Court found him in contempt for failure to comply with prior order of the Court to pay $100 per week support and that he was in arrears $24,750 for which judgment was entered, and the appellant was sentenced to jail for 30 days for contempt with said sentence to be suspended upon payment of $5,000 to apply on the judgment for arrears and payment of an additional $100 per week toward the arrears as well as the $100 per week child support.

The Court on May 6, 1982, modified the order to allow the appellant to return to work in Africa and pay an additional $50 per week toward the arrears.

We affirm in part and reverse in part the ruling of the Chancellor.

I. Appellant pleaded that the Court was without jurisdiction because the original agreement was not set out word for word in the divorce decree. The Chancery Court did not have jurisdiction to consider any alimony agreement be-

tween the parties. This was an independent agreement between the parties that was adopted and made part of the final decree. In *Armstrong* v. *Armstrong,* 248 Ark. 835, 454 S.W.2d 660 (1970), the Court held that one of the purposes of incorporating into a decree of divorce an independent agreement for alimony is to be able to enforce provisions of agreement through contempt proceedings.

Appellant relies on *Henry* v. *Henry,* 247 Ark. 771, 447 S.W.2d 657 (1969). In *Henry,* the settlement was neither noted or approved by the Chancellor. In fact, the decree only granted a final divorce and jurisdiction was terminated. *Henry* can be distinguished from this case in that here not only did the Chancellor state that the "agreement entered into by the parties is fair and just" but he also repeated the terms of the independent agreement.

In *Thomas* v. *Thomas,* 246 Ark. 1126, 443 S.W.2d 534 (1969), Chief Justice Harris stated that a chancery court can enforce by contempt proceedings a property and support agreement entered into between a husband and wife which was adopted and incorporated as part of the decree. This was based on Ark. Stat. Ann. § 34-1212 (Repl. 1962), which is in substantially the same form today.

The appellant, Mr. Nooner, was personally served a copy of the court order requiring him to appear. In *Hilton Hilltop* v. *Riviere, Secretary of State,* 268 Ark. 532, 597 S.W.2d 596 (1980), the defendant was only sent a copy of the complaint in the mail.

Thus, there is jurisdiction.

II. A modification of an independent agreement for alimony without the consent of both parties is not permissible under Arkansas law. This court held in *Anders* v. *Anders,* 249 Ark. 413, 459 S.W.2d 416 (1970), that where a portion of the decree was based on an independent property settlement, the Court was powerless to modify the decree on the basis of an alleged subsequent agreement which was disputed by one of the parties. An earlier court held in *Pryor* v. *Pryor,* 88 Ark. 302, 114 S.W. 700 (1908), that a court cannot

modify a decree insofar as it is based on the contract of the parties, for a modification of the decree would be no less than a modification of the contract itself. The only case in which a modification has been allowed was *Bethell* v. *Bethell*, 268 Ark. 409, 597 S.W.2d 576 (1980). However, in *Bethell* the Court found that the agreement merely established an amount which the court should fix as alimony for the wife and did not confer an independent cause of action based on contract. In this case, there was also an intentional and voluntary surrender of a right (the reduction in alimony after the wife began teaching school) in consideration for the husband paying the full amount of alimony until the wife began teaching school and paying the expenses for the children to attend a private school.

This Court has not had the opportunity to rule on an independent contract case since *Bethell.* However, our Court of Appeals did this in *Sterling* v. *Sterling*, 2 Ark. App. 168, 621 S.W.2d 1 (1981). In *Sterling,* there was an alleged oral agreement to reduce alimony from $175 to $125 per week which the Court said was without consideration and thus provided no defense to the contempt motion. The *Sterling* court said that where an independent agreement was a complete contract and the decree incorporated the agreement, there is no standing to ask the Court for modification.

While this court does not adopt the *Sterling* case without actually hearing it, we do find the facts in the case are more akin to *Sterling* than *Bethell.* There was an independent agreement; no consideration was given by the appellant for the alleged contractual modification; he never made any type of consistent payment to the appellee; he showed no compelling evidence that the appellee had accepted any agreement; and if the circumstances of the appellant have changed, the change is that at the time of this action he had a substantially greater salary than previously.

The Court always retains jurisdiction over child support, as public policy. No matter what an independent contract states, either party has a right to ask for a change in child support. In this case where alimony and child support were not separately stated, the appellant can ask the Chan-

cery Court to make a determination as to how much of the $100 is child support and how much is alimony.

III. In *Armstrong, supra,* this Court stated the purpose of incorporating an independent agreement in the decree is to be able to hold a person in contempt. The appellant had clearly violated the court order by willfully refusing to pay the $100 per week support while at the same time having significant increases in salary and purchasing other items such as a house. The Chancellor was fully within his authority in holding appellant in contempt and imprisoning him for failure to follow orders of the Court.

Appellant cites *Griffith* v. *Griffith,* 225 Ark. 487, 283 S.W.2d 340 (1955), as holding that imprisonment for failure to pay alimony can only be issued when the Defendant has the ability to pay but willfully and stubbornly refuses to do so. Here, the contempt was for not paying the $100 per week over a term of five years. The Chancellor's contempt citation and imprisonment order were both warranted and proper under the circumstances.

However, once the Chancellor reduced the arrearages for child support to judgment, he lost control and could not use the judgment in any way to control past or future acts of the appellant, and that is exactly what he did. Nooner was sentenced to thirty (30) days in jail for contempt. The Chancellor then offered to suspend the sentence if Nooner would pay $5,000 toward the judgment. The judge did not have the authority to suspend the contempt sentence. *Johnson* v. *Johnson,* 243 Ark. 656, 421 S.W.2d 605 (1967). After Nooner stated he could not pay the $5,000 and would lose his job if he were not released from jail, the Chancellor said he would release Nooner for the balance of his sentence if he would pay additonal money toward the satisfaction of the judgment he had entered for back child support.

The appellant in an amended order was required to pay $150 per week to stay out of jail under a threat of some type of continuing contempt. The Court had no authority to use this judgment to encourage this agreement from Nooner.

The Court had given Ruth Nooner a remedy for arrearage, and that was a judgment for which execution may issue.

The order to reduce the arrearage under such circumstances cannot be enforced by contempt proceedings. We hold that Nooner does not have to serve the balance of his jail sentence because it was improperly suspended and the order to reduce the judgment is unenforceable by contempt proceedings.

IV. In the matter of determination of the amounts of arrears, we have already stated that the oral agreement to reduce the amount of payment was without consideration. This is true because the appellee received nothing more than that to which she was already entitled. There was no consideration in the appellant not going to court to ask for a modification since he did not have that right.

We cannot say that the Chancellor abused his discretion either in allowing the checks which had been given to the appellee to be subtracted from the computation of the amount of arrears or in not allowing the value of the car and the television. The Chancellor was not compelled to accept anything in value except that which had actually passed through the court registry.

V. Finally, in the matter of the contempt citation for failure to appear, the appellant was personally served with an order signed by the Chancellor stating he was to appear on a date certain. Appellant testified that his attorney informed him he would not have to appear. His attorney appeared for him. Despite his alleged reliance on his attorney, the meaning of a Court Order is clear and no person has a right to disobey an Order of the Court.

Affirmed in part.

Reversed in part.

PURTLE, J., not participating.