Cleda CANTRELL *v.* Vernon CANTRELL

CA 83-105                                           664 S.W.2d 493

Court of Appeals of Arkansas
Division I
Opinion delivered February 15, 1984

*W. H. "Dub" Arnold,* for appellant.

*Henry Morgan,* for appellee.

TOM GLAZE, Judge. In this divorce case, appellant argues two points for reversal, contending the court erred (1) in placing appellee in possession of the parties' homestead and estate by the entirety rather than ordering it partitioned or sold; and (2) in making an unequal distribution of their personal property. On cross-appeal, appellee contends the chancellor erred (1) in granting appellant the divorce, and (2) in failing to award appellee any child support. After our review, we affirm the trial court on all points.

First, we consider appellant's arguments in the order presented above. The appellee was decreed possession of the parties' house and property so long as he lives in the house and does not remarry. He was also ordered to pay all taxes, insurance, maintenance and upkeep required on the property. Appellant contends the trial court's failure to partition or sell the parties' estate by the entirety prevented her receiving the one-half share of the property to which she was entitled. We find no merit in this contention. The trial court had two options in disposing of property held by the entirety: it could put one of the parties in possession of the premises, or it could order the property sold and the proceeds divided. *See Lytle* v. *Lytle,* 266 Ark. 124, 583 S.W.2d 1 (1979). Our courts have also held that the trial court may award the possession of the homestead to either spouse, upon such terms as appear to be equitable and just. *Hada* v. *Hada,* 10 Ark. App. 281, 663 S.W.2d 203 (1984). Here, the parties have resided on this fifty-six acre farm since 1972.

Before that time, appellee owned the property individually. After the parties' home was built in 1972, appellee paid the house payments and appellant bought their furniture. During the course of the parties' marriage, appellee became blind. His only sources of income are social security disability checks and earnings from the sales of cattle and hay from the farm operation. The appellant, on the other hand, has worked for twenty-five years and is presently employed by a lumber company. Appellee receives $470 disability pay per month for both himself and Royce, his sixteen-year-old son who lives with him; appellant earns $3.65 per hour, and takes home just over $100 per week. Given the law applicable to the disposition of homesteads held by the entirety and discussed in *Lytle* v. *Lytle, supra,* and *Hada* v. *Hada, supra,* the chancellor clearly had the authority to place the appellee in possession of the parties' homestead; and after reviewing the record, we cannot say he was clearly wrong in doing so.

Appellant's second point concerns the trial court's unequal distribution to appellee of the farm equipment and other farm personalty, valued at $22,575; appellant was awarded only the Avon and Mary Kay products valued at $4,158.75. All other marital personalty was divided equally between the parties. Unquestionably, the chancellor had authority to make an unequal division of the parties' personal property so long as he considered the factors set forth in Ark. Stat. Ann. § 34-1214 (Supp. 1983), and stated in writing his reasons for doing so. *See Ford* v. *Ford,* 272 Ark. 506, 616 S.W.2d 3 (1981). Here, the trial judge, in his decree, based the unequal property distribution upon the fact that appellee is blind and unemployable, while appellant is employable and has always worked outside the home. The chancellor reasoned that appellee's livelihood is dependent upon his farming the land, and the farm equipment, cattle, hay and other items awarded him are necessary for the farming operation. The judge further found that appellant had not contributed to the home expenses or payments and had not used her money for the family's benefit. These findings and the evidence, we believe, support the unequal division of property awarded by the chancellor.

Next, we turn to appellee's contentions on cross-appeal. Appellee first argues the appellant failed to prove and corroborate her grounds for divorce. Appellant alleged general indignities as her grounds, and, among other things, she presented evidence that appellee had accused her of infidelity with appellee's nephew, Lyle Gann. Although appellee offered testimony placing appellant with Gann on different occasions, he conceded that he was unaware if they "have ever had any type of relationship." In fact, none of the evidence established appellant was guilty of infidelity, and such unfounded assertions were in themselves indignities justifying a dissolution of the marriage. *Dennis* v. *Dennis*, 239 Ark. 384, 389 S.W.2d 631 (1965). In addition, appellant testified to instances when appellee argued with her and embarrassed her in front of friends and family members. She said that for several years prior to their separation, she was not allowed to write checks or to buy groceries. Appellee's parents testified and corroborated such indignities. In view of the evidence presented, we cannot say the chancellor was wrong in granting the divorce to appellant.

Finally, we also conclude that the chancellor's decision not to award monthly child support is not clearly against the preponderance of the evidence. The amount of child support to be awarded, if any, rests in the discretion of the court granting the divorce and is to be determined from the circumstances and the situation of the parties. *See Upchurch* v. *Upchurch*, 196 Ark. 324, 117 S.W.2d 339 (1938); and *Biddle* v. *Biddle*, 208 Ark. 777, 187 S.W.2d 720 (1945). We agree with appellee that gender, in itself, cannot serve as a basis or consideration for awarding or not awarding child support; however, the record clearly reflects that situation does not exist here. In fact, the parties' son, Royce, receives a disability check in the monthly sum of $138, and because he lives with appellee, Royce will also benefit from any supplemental income that is gained from the farming operation. Obviously, appellant, under the court's decree which places appellee in possession of the home and awards him the farm operation, is sharing in the support of Royce. In view of the circumstances in this case, we do not believe the chancellor erred in failing to award additional monthly child support.

Affirmed.

CLONINGER and CORBIN, JJ., agree.