The Honorable Bill Walters State Senator P. O. Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This is in response to your request for an opinion regarding the case of Nooner v. Nooner, 278 Ark. 360, 645 S.W.2d 671 (1983). Your questions have been restated as follows:
 1.) May a Chancery Judge, following the ruling in Nooner v. Nooner, enter a judgment against a spouse for failure to pay child support and then also find the defendant in contempt and use the Court's contempt powers to enforce payment of the judgment?
 2.) If a Judge rendered a judgment against the defendant for arrearages in support at one hearing, can the Judge later use the Court's contempt powers to enforce the payment of that judgment, assuming that the judgment was for the non-payment of support?
It is well-established, as an initial matter, that a Chancellor has the discretion to enforce by contempt a willful refusal to comply with orders in respect to child support. Ex Parte Johnston, 221 Ark. 77, 251 S.W.2d 1012 (1952). This includes the discretion to compel payment of an accumulation of unpaid allowances. Id. However, the Supreme Court in Nooner v. Nooner appears to distinguish between the Chancellor's contempt citation for refusal to pay support, and suspension of that contempt sentence conditioned upon payment of additional sums toward satisfaction of a judgment entered for the child support arrearages.
The trial court in that case found the defendant in contempt and sentenced him to thirty (30) days in jail. The court also entered judgment for the amount of the arrearages. However, the thirty day sentence was suspended conditioned upon defendant's payment of a portion of the arrears and an additional weekly payment toward the arrears. This order was then amended to require payment of a different amount per week under what the Supreme Court designated as "a threat of some type of continuing contempt."278 Ark. at 365.
The Court initially confirmed the Chancellor's authority to issue a contempt citation and imprisonment order based upon defendant's willful refusal to pay support. But it then continued by stating:
 However, once the Chancellor reduced the arrearages for child support to judgment, he lost control and could not use the judgment in any way to control past or future acts of the appellant, and that is exactly what he did. . . . The Court had no authority to use this judgment to encourage this agreement from Nooner. The Court had given Ruth Nooner a remedy for arrearage, and that was a judgment for which execution may issue. . . . The order to reduce the arrearage (six) under such circumstances cannot be enforced by contempt proceedings.
Id. at 365-366. The Court also ruled that the Chancellor had no authority to suspend the contempt sentence, citing the case of Johnson v. Johnson, 243 Ark. 656, 421 S.W.2d 605 (1967). Id. That case reiterates the rule that suspension of a contempt citation amounts to complete remission where the suspension is not merely a postponement of sentence. 243 Ark. at 660 (citation omitted); see also Jolly v. Jolly, 290 Ark. 352, 719 S.W.2d 430
(1986).
It may be concluded from a review of Nooner v. Nooner that while entry of a contempt citation is appropriate where warranted, and while back child support may be reduced to judgment, the Court cannot then use its contempt powers to enforce an order calling for reduction of the judgment through increased child support payments. This conclusion is compelled by the Court's statement that "the order to reduce the judgment is unenforceable by contempt proceedings." 278 Ark. at 366.
If the Court cannot use its contempt powers to enforce the "order to reduce the judgment," it may be successfully contended that the more direct effort to jail the defendant conditioned upon payment of the judgment or a portion thereof must also fail. A court would, in that instance, be doing directly what appears to have been attempted indirectly in Nooner. The following statement in Nooner with respect to the judgment for arrearages would appear to be controlling.
The Court had given Ruth Nooner a remedy for arrearage, and that was a judgment for which execution may issue.
278 Ark. at 366. The Court thus suggests that the judgment must be enforced through execution, not through the Chancellor's use of his contempt powers. It is therefore my opinion that the answer to both of these questions is no.
The Attorney General is required under A.C.A. 25-16-706 to provide his opinion to the General Assembly upon the constitutionality of any proposed bill. He is precluded, however, from engaging in the private practice of law. A.C.A. 25-16-701. Therefore, this opinion is not provided for the benefit of private third parties, nor should it be relied upon or offered for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:jlh