Kenneth Milburn TERRY *v.* Janice Jean TERRY

CA 88-225                                               771 S.W.2d 321

Court of Appeals of Arkansas
En Banc
Opinion delivered June 14, 1989

*Isaacs & Isaacs*, by: *William B. Isaacs*, for appellant.

*Dale Varner*, for appellee.

MELVIN MAYFIELD, Judge. Kenneth Milburn Terry appeals a decision of the Washington County Chancery Court denying

him a reduction in child support payments.

Kenneth and Janice Terry were divorced March 3, 1982. They entered into an agreement which provided for the custody, visitation and support of their three minor children, ages 6, 10 and 13. The divorce decree states the agreement had been made and that it is "specifically approved by the Court and adopted and incorporated herein as a part and parcel of this decree." The agreement provided that custody and control of the children would be vested in the appellee and support was set out as follows:

> (2) SUPPORT OF MINOR CHILDREN: It is agreed that the HUSBAND shall pay support unto the WIFE into the Registry of the Court. Such support payments shall begin on the date of this Agreement and shall be due and payable on the first of each successive month thereafter. Said support payments shall be in the amount of One Hundred Sixty-Six ($166.00) Dollars per child per month through September of 1988. At that time said support payments shall be reduced to the amount of One Hundred Forty-Two ($142.00) Dollars per child per month, and shall continue at that amount through September of 1998, at which time support payments shall cease.

> IT IS FURTHER AGREED that should the WIFE remarry prior to September of 1998, the HUSBAND'S child support payments shall be reduced in the following manner: Each time any child reaches the age of majority, marries, or otherwise becomes self-supporting, that portion of child support for such child shall cease unless such child elects to continue his or her formal education. In that event each child's support shall continue as long as he or she continues to pursue his or her education.

On August 25, 1987, appellant filed a motion for modification of child support contending that the parties' oldest child, Kenneth M. Terry, Jr. had married, was working full time, was no longer a dependent and therefore appellant's child support obligation should be modified. A hearing was held in which evidence was presented to show that Kenneth M. Terry, Jr. was indeed married and had a child and a full time job. However, it was also revealed that Kenneth, his wife, and his son were living

with appellee, Janice Terry, along with her two other children. Also, there was testimony showing that appellee had not remarried.

The chancellor held that the property settlement and support agreement, incorporated into the divorce decree, specifically provided that the appellant would continue to pay child support until 1998, long after the children reached the age of majority and had also specified a certain condition under which that agreement would be modified, i.e., appellee's remarriage. The chancellor stated that in the light of that provision and the fact that Janice Terry had not remarried, he was powerless to change the contract. He reasoned:

> If the parties had intended to say that this child support agreement will be in effect until September 1988 [sic] or at such time before then as any child attains majority, that would make it perfectly clear. But they didn't say that and the only assumption to be made is that they didn't say it because, for whatever reason, they didn't intend to say it. . . . This is the agreement the parties made and there is nothing unlawful about it and the Court is not free to change that contract.

Appellant contends on appeal that the chancellor erred in finding that the parties' agreement was a contract and that he was not free to modify the child support payments. Appellant argues that the court can always modify child support upon a proper showing of changed circumstances, citing *Biddle* v. *Biddle*, 208 Ark. 777, 187 S.W.2d 720 (1945). He also cites *Thurston* v. *Pinkstaff*, 292 Ark. 385, 730 S.W.2d 239 (1987), where the court stated that "separate agreements, even if incorporated into the decree, cannot diminish the power of the court to modify support upon a determination of a change of circumstances." 292 Ark. 389. Appellant also relies upon *Nooner* v. *Nooner*, 278 Ark. 360, 645 S.W.2d 671 (1983), in which the court said:

> The Court always retains jurisdiction over child support, as public policy. No matter what an independent contract states, either party has a right to ask for a change in child support. In this case where alimony and child support were not separately stated, the appellant can ask the Chancery Court to make a determination as to how

much of the $100 is child support and how much is alimony.

278 Ark. at 364. Thus, it appears that the chancellor's statement that he was "not free" to modify the child support could be regarded as incorrect.

However, we do not believe this statement is necessarily wrong or that reversal of the chancellor's decision is required. The agreement contains fourteen numbered provisions. This case is concerned with the provision numbered (2). It consists of the two paragraphs which we quoted at the beginning of this opinion. Looking carefully at these paragraphs, we see that the first one is headed, or entitled, "SUPPORT OF MINOR CHILDREN." It states that the "HUSBAND shall pay support unto the WIFE" and describes how, when and in what amount those "support payments" shall be made. And after September of 1998 those "support payments" shall cease. But the second paragraph states that "IT IS FURTHER AGREED" that should the wife remarry prior to September of 1998, the husband's "child support" payments shall be reduced in the following manner — the paragraph then describes conditions under which "child support" will or will not cease, but in each instance it states "child support." Thus we see that the first paragraph speaks of "support payments" to the wife and the second paragraph speaks of "child support" payments.

We think the distinctions made by the parties in the two paragraphs must be considered deliberate and significant. It certainly is understandable that the parties might reach an agreement whereby the husband would pay support to the wife for a certain period of time. So, the first paragraph provides for support payments through September of 1998. That would be sixteen years from the date of the agreement and date of the divorce. At that time, the youngest child, who was six when the agreement was made, would be twenty-two years old, and the oldest, who was thirteen when the agreement was made, would be twenty-nine years old. This sounds like alimony and neither the agreement nor decree made any other provision for alimony.

In keeping with this concept, the second paragraph provides that should the wife remarry prior to September of 1998, the husband's "child support" shall cease for each child when it

reaches the age of majority, marries, or otherwise becomes self-supporting, unless that child continues to pursue its education. This sounds like the "alimony" feature stops at remarriage and leaves only child support.

■ Viewed as described above, we think the chancellor was correct in refusing to modify the payments called for in the agreement and incorporated into the divorce decree. Under that agreement the payments under the "alimony" feature of the agreement were still due — the wife had not remarried and September of 1998 had not arrived. And even if the chancellor gave the wrong reason for his ruling, we do not reverse if he reached the right decision. *Ratliff* v. *Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984).

■ We would point out that our decision does not affect the jurisdiction or right of the court to modify its decree as to the payment of child support upon the determination of a change in circumstances. See *Thurston* v. *Pinkstaff, supra.* In *Nooner* v. *Nooner, supra,* the court held that a modification of an independent agreement for alimony without the consent of both parties was not permissible. We hold that the "alimony feature" of the agreement in this case was an independent contract which could not be modified without the consent of the parties. But *Nooner* also held that no matter what an independent contract states, either party has the right to ask for a change in child support as the court retains jurisdiction over that matter because of public policy. And in *Nooner*, where alimony and child support were not separately stated, the court held that the chancery court could make a determination as to how much of the support payments, provided for by the agreement, is child support and how much is alimony. That authority obviously exists in this case; however, because of the provisions of the agreement in this case "support payments" to the wife may not be reduced, under some factual situations, even if a change in circumstances justified a change in child support payments.

Affirmed

CRACRAFT, J., concurs.

COOPER, J., dissents.

JAMES R. COOPER, Judge, dissenting. I dissent because I

disagree with the conclusion, stated in the majority opinion, that the support payments provided for in the first paragraph of provision number two were intended to be alimony payments, rather than child support payments. This paragraph is captioned with the words "support of minor children" in capital letters. The payments consist of a sum of money to be paid "per child, per month." As the majority opinion notes, neither the agreement nor the decree made any specific provision for alimony.

The sense and meaning of words used by the parties to a contract must be considered as they are taken in their plain and ordinary meaning, *Farm Bureau Mutual Ins. Co. of Arkansas, Inc.* v. *Milburn*, 269 Ark. 384, 601 S.W.2d 841 (1980), and courts are duty bound to construe a contract according to its unambiguous language without enlarging or expanding its terms. *Christmas* v. *Raley*, 260 Ark. 150, 539 S.W.2d 405 (1976). Moreover, where the language of the instrument is imprecise or obscure, the construction to be adopted is that which is most reasonable. *See Love* v. *Couch,* 181 Ark. 994, 28 S.W.2d 1067 (1930); *Singer Sewing Machine Co.* v. *Brewer*, 78 Ark. 202, 93 S.W. 755 (1906). I submit that provision number two of the parties' agreement is unambiguous if the words "support of minor children" are given their plain and ordinary meaning, and that the majority has overturned the plain and unambiguous terms of the contract by construing this provision as an agreement to pay alimony. I think that the challenged sections of the agreement clearly provided for child support, and that the chancellor erred in concluding that he was without authority to modify the contractual child-support agreement. *Crow* v. *Crow*, 26 Ark. App. 37, 759 S.W.2d 570 (1988). I would reverse.