Chong Sun YU *v.*
METROPOLITAN FIRE EXTINGUISHER CO.

CA 05-856                                          230 S.W.3d 299

Court of Appeals of Arkansas
Opinion delivered March 1, 2006

*Laser Law Firm,* by: *Brian A. Brown* and *Keith M. McPherson* for appellant.

*Huckabay, Munson, Rowlett & Moore,* by: *John E. Moore* and *Brenna J. Ryan* for appellee.

JOSEPHINE LINKER HART, Judge. Chong Sun Yu appeals from a judgment of the Pulaski County Circuit Court that awarded her no damages because the jury, although finding that Yu was zero percent at fault, determined that separate plaintiff J&S Hunan Palace ("Hunan") and defendant/appellee Metropolitan Fire Extinguisher Company, Incorporated ("Metropolitan"), were each fifty percent at fault. On appeal, Yu challenges the trial court's refusal to award her damages and also argues that the trial judge erred in refusing to submit special interrogatories to the jury asking it to apportion the amount of damages that it awarded among the separate plaintiffs. We reverse and remand.

Yu is the owner of a building in Cabot, which she rented to Hunan, a Chinese restaurant operated by Simon Huynh and John Nguyen. On December 8, 2001, a cook who worked for Hunan apparently left a stove unattended for several minutes, and a grease fire ignited. The restaurant was protected by a fire-suppression system, but it apparently malfunctioned and did not deploy. The fire spread and caused considerable damage to the restaurant and building.

Yu and Hunan were insured by Farmer's Insurance, and both filed as plaintiffs in a subrogation action against Metropolitan. The same trial counsel represented Yu and Hunan. The case was submitted to the jury on interrogatories that asked it to apportion fault between Yu, Hunan, and Metropolitan and to set the amount of damages. Yu and Hunan also asked for an interrogatory that asked the jury to apportion the amount of recovery between the plaintiffs. However, the trial judge, agreeing with Metropolitan, refused to submit it to the jury.

The jury returned a verdict that placed fifty percent of the fault on Metropolitan, fifty percent on Hunan, and zero percent on Yu. The jury also set the amount of damages at $50,000, without designating the amount to be recovered by each plaintiff. However, the trial judge subsequently ruled that because the jury "did not give them more than 50% of the fault . . . there are no damages."

Yu first argues on appeal that the trial court erred in concluding that a plaintiff who is free of fault cannot recover damages if the total fault of all plaintiffs equals the fault of the

defendant. She notes that the applicable statute in force at the time of the fire, Arkansas Code Annotated section 16-64-122 (Supp. 2001), states that "the fault of 'a party' (*i.e.*, plaintiff) must be compared to the fault of the 'party or parties' (*i.e.*, defendants) against whom damages are sought." Yu contends that this language was "drafted with precision to show that the fault of *each* individual plaintiff must be compared with the fault of *all* defendants, and that a plaintiff's recovery is determined by his or her individual fault vis-a-vis the defendants, without regard to the fault of the other plaintiffs." We agree with Yu's interpretation of the statute.

We review issues of statutory construction de novo, and we are not bound by the trial court's interpretation. *Simmons First Bank v. Bob Callahan Servs., Inc.*, 340 Ark. 692, 13 S.W.3d 570 (2000). When reviewing issues of statutory interpretation, the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Yamaha Motor Corp. v. Richard's Honda Yamaha*, 344 Ark. 44, 38 S.W.3d 356 (2001). When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Burcham v. City of Van Buren*, 330 Ark. 451, 954 S.W.2d 266 (1997).

In pertinent part, Arkansas Code Annotated section 16-64-122 states:

> (a) In all actions for damages for personal injuries or wrongful death or injury to property in which recovery is predicated upon fault, liability shall be determined by comparing the fault chargeable to a claiming party with the fault chargeable to the party or parties from whom the claiming party seeks to recover damages.

> (b)(1) If the fault chargeable to a party claiming damages is of a lesser degree than the fault chargeable to the party or parties from whom the claiming party seeks to recover damages, then the claiming party is entitled to recover the amount of his damages after they have been diminished in proportion to the degree of his own fault.

> (2) If the fault chargeable to a party claiming damages is equal to or greater in degree than any fault chargeable to the party or parties from whom the claiming party seeks to recover damages, then the claiming party is not entitled to recover such damages.

■ This case is resolved by the plain language of section 16-64-122. We agree with Yu that the legislature's use of the word "party" in its singular form has an obvious meaning — the court is to consider each plaintiff individually when comparing her fault to that of the "party or parties" that she is seeking to recover damages from. The fact that there are multiple plaintiffs is of no moment; the required analysis necessarily entails comparing the fault attributable to each individual plaintiff with that of the party against whom recovery is sought. *See Nationsbank, N.A. v. Murray Guard, Inc.*, 343 Ark. 437, 36 S.W.3d 291 (2001) (plurality decision). In this case, Yu was found by the jury to be without fault, and the party she was seeking to recover from, Metropolitan, was fifty percent at fault for the damages caused by the fire. Therefore, according to the plain wording of subsection (b)(1) of the statute, Yu should be able to recover the full amount of the damages that she proved at trial. Ark. Code Ann. § 16-64-122. We further hold that Hunan's fault is immaterial because Yu was not attempting to recover damages from it. Accordingly, we reverse and remand for entry of judgment in favor of Yu in accordance with the jury verdicts.

Yu next argues that the trial court erred in failing to submit to the jury an interrogatory that asked the jury to apportion the damages. However, we note that Hunan has not appealed and is no longer a part of this case, and Metropolitan has not cross-appealed. Accordingly, this point will have no practical effect on this lawsuit. We do not decide issues that are moot, render advisory opinions, or answer academic questions. *Cooper Tire & Rubber Co. v. Angell*, 75 Ark. App. 325, 58 S.W.3d 396 (2001).

Reversed and remanded.

BIRD, J., agrees.

NEAL, J., concurs.