2010 Ark. App. 230

**Maureen SCREETON, Appellant**

v.

**ASCO VENDING, INC., Gerald Scott and Cynthia Scott, Appellees.**

**No. CA 09–492.**

Court of Appeals of Arkansas.

March 10, 2010.

Stanley D. Rauls, Little Rock, for appellant.

James R. Pender, Pender & McCastlain, E.B. Chiles IV, Sarah Keith–Bolden, Quattlebaum, Grooms, Tull & Burrow PLLC, Little Rock, for appellees.

ROBERT J. GLADWIN, Judge.

Appellant Maureen Screeton appeals the February 6, 2009 Pulaski County Circuit Court's order granting appellees ASCO Vending, Inc., Gerald Scott, and Cynthia Scott summary judgment on their declaratory-judgment action. She claims on appeal that (1) the motion for summary judgment was not timely filed; (2) the extension agreements were invalid for lack of consideration; (3) collection of the promissory notes was not barred by laches or the expiration of any statute of limitations; (4) the parol-evidence rule was inapplicable to the calculation of the amount owed to her; (5) the evidence was insufficient to prove a novation; (6) the award of attorney's fees was not authorized by law or supported by evidence. We affirm.

*Statement of Facts*

Appellant and her then husband Mr. Arnold sold their business and the real property where it operated to appellees in 1990. Appellees signed five promissory notes. One of those notes was paid, and in 1997, the parties executed extension agreements to reduce the interest rate and the monthly payments of each of the remaining four notes. Appellees also claim that the extension agreements extended the payments, giving the Arnolds an extended time to receive income on the notes. The principal balances reflected by the original amortization schedules were posted to the extension agreements. The Arnolds' accountant was instrumental in preparing the extension agreements. Both the accountant and Mr. Arnold are now deceased.

When appellees sold one parcel of the real property, they asked appellant to release her mortgage in exchange for payment of the amount as reflected on the extension agreement. When she refused, they placed the money in escrow and filed a declaratory-judgment action seeking a declaration that the amounts of the principal balances on each note as stated in the relevant extension agreements and ratified by all parties were correct and that they be awarded attorney's fees. Appellant counterclaimed, alleging that she had not intended to release any portion of the indebtedness or accumulated interest when the extension agreements were signed in 1996. She claims there were errors in the extension agreements that were either mutual mistake or the fault of appellees. She claimed that the balances in the extension agreements were not properly calculated. She counterclaimed for breach of the

agreement, claiming she was owed $128,317.67.

Appellees filed a motion for summary judgment on November 12, 2008, asking that the extension agreements be enforced and that the trial court find that appellant is barred by the statute of limitations, doctrine of laches, and the parol-evidence rule from disputing the agreed-upon terms of the extension agreements signed December 1, 1996.

The trial court granted summary judgment by order filed February 6, 2009, finding that

> [t]he Defendant [appellant] failed to controvert that the outstanding principal balance of each of the four promissory notes as was set forth in an unambiguous manner in each of the four Extension Agreements dated Dec. 1, 1996, and failed to controvert that the Defendant [appellant] and her deceased spouse executed said Extension Agreements at that time.... The Defendant failed to controvert these facts and pursuant to the parol-evidence rule evidence cannot introduce parol evidence [sic] to change or alter a contract in writing. *Lane v. Pfeiffer [Pfeifer]*, 262 [264] Ark. 162, 568 S.W.2d 212 (1978). There is substantive rule of law rather than a rule of evidence that a written agreement itself is the best evidence of then intention of the parties. Therefore, based on uncontroverted facts the outstanding principal balance of each note as of Dec. 1, 1996 is set forth in each of the Extension Agreements ... [those figures] cannot be altered by parol evidence.

The trial court further awarded appellees $5,000 in attorney's fees. From the trial court's order, this appeal timely followed.

## Standard of Review

Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Gonzales v. City of DeWitt*, 357 Ark. 10, 159 S.W.3d 298 (2004). On appellate review, we must determine whether summary judgment was proper based on whether the evidence presented by the moving party left a material fact unanswered. *Windsong Enters., Inc. v. Upton*, 366 Ark. 23, 233 S.W.3d 145 (2006). This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Cole v. Laws*, 349 Ark. 177, 76 S.W.3d 878, *cert. denied*, 537 U.S. 1003, 123 S.Ct. 509, 154 L.Ed.2d 400 (2002). Where there are no disputed material facts, our review must focus on the trial court's application of the law to those undisputed facts. *Parker v. S. Farm Bureau Cas. Ins. Co.*, 104 Ark. App. 301, 292 S.W.3d 311 (2009). When the facts are not at issue but possible inferences therefrom are, we will consider whether those inferences can be reasonably drawn from the undisputed facts and whether reasonable minds might differ on those hypotheses. *Flentje v. First Nat'l Bank of Wynne,* 340 Ark. 563, 11 S.W.3d 531 (2000).

## Discussion

### Consideration, Laches, and Novation

■ Appellant failed to obtain a ruling on three of her six points on appeal. Because appellant did not obtain a ruling on the points related to consideration, laches, and novation, we are precluded from considering them on appeal. *See Bomar v. Moser*, 369 Ark. 123, 251 S.W.3d 234 (2007).

### Timeliness of Summary Judgment Motion

■ Appellant argues that appellees violated Arkansas Rule of Civil Procedure

56(a) (2009) because they failed to obtain leave of court to file a motion for summary judgment within forty-five days of the scheduled trial date. When this was pointed out to the trial court, it ruled that by scheduling a hearing on the motion, leave had been granted. Appellant admits that a reversal on procedural grounds would accomplish nothing, but seeks "guidance from this court" to clarify future interpretation of Rule 56, arguing that permission prior to filing ₅the motion should be obtained pursuant to the Rule. This court does not issue advisory opinions, *Yu v. Metro. Fire Extinguisher Co.*, 94 Ark.App. 317, 230 S.W.3d 299 (2006); and, therefore, we decline to address this issue.

### Parol Evidence

The central issue in this case is whether the principal balances reflected in the extension agreements supplant those balances reflected in the underlying promissory notes. Appellees contend that, because the extension agreements explicitly and unambiguously state the amount of each balance, the circuit court was correct in excluding parol evidence to contradict those amounts. *See McIllwain v. Bank of Harrisburg*, 18 Ark.App. 213, 713 S.W.2d 469 (1986). Appellant claims that appellees are actually claiming that a novation occurred. A novation is the substitution by mutual agreement of a new debt or obligation for an existing one. *McIllwain, supra.* It must be shown that the creditor had an intent to replace the agreement, and the debtor has the burden of proof. *Id.* A novation must be supported by valid consideration. *Sterling v. Sterling*, 2 Ark. App. 168, 621 S.W.2d 1 (1981). Appellees point out that appellant did not preserve her argument regarding novation because she failed to obtain a ruling from the circuit court. We agree.

Next, appellees contend that the undisputed evidence demonstrates the parties' intent that the obligations under the extension agreements be substituted for the obligations under the original promissory notes. The extension agreements stated the agreed-upon balance remaining on each loan and set forth the interest rate, the repayment term, and a monthly payment that would result in the payoff of the entire balance of the loan at the end of the ₆repayment term. In so doing, the extension agreements laid out the entirety of appellees' repayment obligations and left nothing to be determined under the terms of the original promissory notes.

Appellant's parol-evidence argument on appeal is not related to the extension agreements, but applied only as to the promissory notes. She claims that application of the parol-evidence rule to the extension agreements assumes that those agreements are valid and that they were intended to replace the promissory notes. She argues that appellees had the burden of proving the validity of the agreements, and that the parol-evidence rule does not apply to that issue. She further notes that the rule prohibits the introduction of extrinsic evidence to vary the terms of a written agreement, and claims that she was not seeking to offer parol evidence to vary the terms of the promissory notes. Thus, she claims that the trial court erred in its application of the rule. However, appellees correctly point out that appellant's arguments do not relate to any ambiguity in the extension agreements, but she instead makes her arguments as to those agreements based upon consideration and novation, which we have held are not preserved.

Finally, each extension agreement contains the following statement:

WHEREAS, Mortgagors/Makers desire now to modify the terms of the original

Promissory Note and Mortgage and execute this Agreement to evidence such modification, and the Mortgagees/Payees have agreed to a certain modification of terms of repayment of the indebtedness.

Followed by this statement in each agreement is a statement of the remaining principal balance. At the end of each agreement, all parties, including appellant, affixed their signatures.

Appellees filed an action for declaratory judgment seeking to enforce the extension agreements. Appellant counterclaimed on the promissory notes. Appellees filed a motion for summary judgment, and the trial court ruled that parol evidence should not be allowed to alter the principal-balance amounts found in each extension agreement. We agree and accordingly affirm the grant of summary judgment.

### Attorney's Fees

Appellant claims that there is no authority for an award of attorney's fees in a declaratory-judgment action and nothing to support it in the record. Appellees argue that appellant failed to preserve her argument regarding attorney's fees because she failed to object to the circuit court's award, thus failing to preserve the issue for appeal. *See Farm Bureau Mut. Ins. Co. v. David,* 324 Ark. 387, 921 S.W.2d 930 (1996) (holding that objections to awards of attorney's fees must be raised before the trial court at least by filing a motion to amend the judgment pursuant to Arkansas Rule of Civil Procedure 52(b) (2009)). Alternatively, appellees contend that the circuit court did not abuse its discretion in awarding attorney's fees. *See Stilley v. James,* 347 Ark. 74, 60 S.W.3d 410 (2001) (*Stilley II* ). Arkansas Code Annotated section 16–22–308 (Repl. 1999) provides for an award of attorney's

fees in actions for breach of contract. This case involved a contract action—either through appellant's counterclaim or the fact that the declaratory-judgment action arose from appellant's breach of contract. The ruling led to a monetary award of release of escrowed funds. The award of attorney's fees was upheld despite the fact that the underlying action was one for declaratory judgment under the Arkansas Declaratory Judgment Act in *Stilley v. James,* 345 Ark. 362, 48 S.W.3d 521 (2001) (*Stilley I* ). Accordingly, we affirm the fee award.

Also, appellees claim that appellant did not argue that the amount of the fee awarded is unreasonable, instead, attacking only the lower court's failure to make a record regarding the factors considered in determining the amount of fees. Under *Running M Farms, Inc. v. Farm Bureau Mut. Ins. Co.,* 371 Ark. 308, 265 S.W.3d 740 (2007), the factors to consider for fee awards are (1) experience and ability of the attorney; (2) time and labor required to perform the service properly; (3) amount in controversy and result obtained. This was an involved case with several pleadings and depositions and an amount in controversy of about $60,000. Therefore, there was no abuse of discretion in awarding the fee.

Affirmed.

VAUGHT, C.J., HART, ROBBINS, GLOVER, and MARSHALL, JJ., agree.

GRUBER, HENRY, and BROWN, JJ., dissent.

BROWN, J., dissenting.

Screeton's failure to preserve issues made consideration of this appeal more difficult than it should have been. Her arguments related to consideration and novation were meritorious, and a full analysis of these issues may have resulted in rever-

sal. But I must agree with my colleagues that these arguments were not preserved for appellate review due to Screeton's failure to obtain a ruling from the circuit court. Nonetheless, I cannot agree with the majority's decision to affirm the circuit court, as the circuit court misapplied the parol evidence rule when it granted the Scotts' motion for summary judgment.

The majority's recitation of the facts is mostly accurate, but there are a few omissions worth mentioning. The Scotts claimed that the extension agreements were executed to extend Screeton's time to receive income on the notes; however, Screeton denied approaching the Scotts about the desire to renegotiate. Throughout the proceedings, she alleged that the motivation of the extension agreements was the Scotts' difficulty paying the original notes. All parties agreed that the purpose of the extension agreements was to reduce the interest rate and payment term. In deposition testimony, the Scotts conceded that the extension agreements were not intended to forgive any portion of the principal or interest owed on the original notes. These omissions are important because, in reviewing the grant of a motion for summary judgment, we are to view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *See Whiteside v. Russellville Newspapers, Inc.*, 2009 Ark. 135, 295 S.W.3d 798. Thus, for the purposes of considering this appeal, we must infer (1) that the motivation for executing the extension agreements was not necessarily to benefit Screeton (except to the extent that it may have increased the chances of her receiving what she was owed) and (2) that the extension agreements were intended to supplement, not supplant, the original promissory notes. These inferences are lost in the majority opinion.

The parol evidence rule is a substantive rule of law that requires the exclusion of prior or contemporaneous agreements of the parties that would vary the express terms of their written agreement. *Vogelgesang v. U.S. Bank, N.A.*, 92 Ark.App. 116, 211 S.W.3d 575 (2005). However, there are many instances where the parol evidence rule has no application, including where there is a question as to whether the parties entered into the contract in the first instance, *see Huffman v. Landers Ford North, Inc.*, 100 Ark.App. 159, 265 S.W.3d 783 (2007), where there is an allegation of mutual mistake, *see Morton v. Park View Apartments*, 315 Ark. 400, 868 S.W.2d 448 (1993), and where language in a contract is ambiguous, *see Ark. Rock & Gravel Co. v. Chris–T–Emulsion Co.*, 259 Ark. 807, 536 S.W.2d 724 (1976); *Pittman v. Pittman*, 84 Ark.App. 293, 139 S.W.3d 134 (2003).

The Scotts based their calculation of the payoff amount on the extension agreements. However, the original notes, upon which Screeton sought recovery, were still valid except to the extent that they were modified by the extension agreements. The original notes did not constitute inadmissible parol evidence. Rather, they were evidence of the agreement itself, which was clearly admissible. Further, Screeton presented evidence showing that the balances remaining on the original notes at the time the extension agreements were executed was different from the balances stated on the extension agreements. Because both sets of documents are part of the overall agreement, there exists an ambiguity as to the amount owed on the day the extension agreements were executed. Parol evidence is admissible to explain that ambiguity. *See Ark. Rock & Gravel, supra; Pittman, supra*. The original notes, combined with evidence showing that the Scotts failed to make the payments promised under the notes and deposition testi-

mony that the extension agreements were not intended to waive payments due under the original notes, satisfy the requirement that Screeton meet proof with proof and demonstrate the existence of a material issue of fact. *See Jackson v. Sparks Regional Med. Ctr.*, 375 Ark. 533, 294 S.W.3d 1 (2009).

The erroneous grant of summary judgment deprived Screeton of her opportunity to present evidence showing the amount due under the original promissory notes. Because the majority affirms this error, I must respectfully dissent.

I am authorized to state that Judges GRUBER and HENRY join in this dissent.